IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NOVOZYMES A/S,<br><br>  Plaintiff,<br><br>v.<br><br>GENENCOR INTERNATIONAL, INC. and<br>ENZYME DEVELOPMENT CORPORATION,<br><br>  Defendants. | C.A. No. 05-160-KAJ |

**GENENCOR INTERNATIONAL, INC.'S
<u>ANSWER AND AFFIRMATIVE DEFENSES</u>**

Defendant Genencor International, Inc. ("Genencor"), by its attorneys, responds to Plaintiff Novozymes A/S's ("Novozymes") Complaint for Patent Infringement ("Complaint") as follows:

<u>ANSWER</u>

1. Genencor admits that the Complaint purports to set forth a patent infringement action under the patent laws of the United States, 35 U.S.C. § 101 *et seq.*, that this Court has subject matter jurisdiction over such claims pursuant to 28 U.S.C. §§ 1331 and 1338, and that venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c), and 1400(b).

2. Genencor is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2 of the Complaint.

3. Genencor admits the allegations of paragraph 3 of the Complaint.

4. Genencor admits the allegations of paragraph 4 of the Complaint.

5. Genencor admits that the public record appears to reflect that Novozymes is the owner by assignment of United States Patent No. 6,867,031 ("the '031 patent"), that the patent is

entitled "Amylase Variants," and that the '031 patent issued on March 15, 2005, but denies the remaining allegations of paragraph 5 of the Complaint.

6. Genencor admits that Novozymes contends that the '031 patent claims alpha amylases modified by the deletion of the amino acids at positions equivalent to positions 179 and 180, but denies that Novozyme's statements in paragraph 6 of the Complaint completely or accurately describe all limitations of any or all claims of the '031 patent.

7. Genencor admits the allegations of paragraph 7 of the Complaint.

8. Genencor admits the allegations of paragraph 8 of the Complaint, except that Genencor denies that EDC is the sole means of U.S. sales of Spezyme® Ethyl.

9. Genencor admits that Novozymes contends that Spezyme® Ethyl is an alpha-amylase that differs from a parent *Bacillus (Geobacillus) stearothermophilus* alpha-amylase by the deletion of two amino acids at positions equivalent to positions 179 and 180 but denies that Novozyme's statements in paragraph 9 of the Complaint completely or accurately describe Spezyme® Ethyl.

10. Genencor denies the allegations of paragraph 10 of the Complaint.

11. Genencor admits the allegations of paragraph 11 of the Complaint.

12. Genencor denies the allegations of paragraph 12 of the Complaint.

13. Genencor denies the allegations of paragraph 13 of the Complaint.

14. Genencor denies all other allegations of the Complaint, including in the prayer for relief, that were not expressly admitted above, including those allegations to which Genencor is without knowledge or information sufficient to form beliefs as to the truth thereof.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

15.    The '031 patent is invalid for failing to satisfy one or more of the conditions of patentability and/or otherwise comply with the requirements of 35 U.S.C. §§ 101, 102, 103 and/or 112.

### SECOND AFFIRMATIVE DEFENSE

16.    Genencor has not infringed any valid or enforceable claim of the '031 patent.

### THIRD AFFIRMATIVE DEFENSE

17.    The '031 patent is unenforceable due to Novozyme's inequitable conduct in procuring the '031 patent because those owing a duty of candor in prosecution of the '031 patent misrepresented to the Patent Office ("PTO") the significance and unexpected and/or surprising nature of alleged experimental results, and the appropriateness of the design of the alleged underlying experiment, upon which misrepresentations the Examiner relied in allowing claims of the '031 patent. Specifically, to establish the patentability of the claims that issued as claims 1-5 of the '031 patent over prior art cited by the Examiner during the prosecution, Jason Garbell, Novozymes' patent attorney, submitted an Amendment under 37 C.F.R. 1.111 ("Amendment") to the PTO on September 7, 2004 accompanied by a Declaration of Torben V. Borchert Under 37 C.F.R. 1.132 ("Borchert Declaration"). According to the Borchert Declaration, Dr. Borchert is a Director at Novozymes and an inventor of the '031 patent. The Amendment states that the Borchert Declaration provides evidence of unexpected results over the prior art to rebut the Examiner's rejection of similar claims under 35 U.S.C. 103. The Borchert Declaration asserts that the experimental results presented are statistically significant and surprisingly greater than what would have been expected from the prior art cited by the Examiner. The Examiner, in a

Notice of Allowability dated September 21, 2004, stated that the claims of the '031 patent are allowable based upon the unexpected results presented in the Borchert Declaration which demonstrate that the claims are non-obvious over the prior art.

18. On information and belief, on September 3, 2004, Dr. Borchert and Garbell engaged in a personal Interview with the Examiner (the "Examiner"). On information and belief, during the Interview Dr. Borchert and Garbell presented a draft declaration and made, directly and through the draft declaration, statements similar to those described above, on which the Examiner relied to allow claims of the '031 patent.

19. Dr. Borchert, Garbell and Elias Lambiris, Novozymes' other patent attorney of record, each and all owed a duty of candor for prosecution of the '031 patent. On information and belief, Dr. Borchert, Garbell and Lambiris knew or should have known that the results presented in the Borchert Declaration and/or in the Interview are not actually statistically significant, that the poor experimental design precludes drawing the conclusion that the results are unexpectedly or surprisingly greater than those obtained for the prior art enzymes, and that the results are not, in fact, unexpected or surprising. Dr. Borchert, Garbell and Lambiris thus misrepresented the significance and nature of the results presented in the Borchert Declaration to the Patent Office and the Examiner expressly relied upon those misrepresentations in allowing the '031 patent. Therefore, the '031 patent is unenforceable based on inequitable conduct in its prosecution.

## FOURTH AFFIRMATIVE DEFENSE

20. The '031 patent is unenforceable due to prosecution laches.

OF COUNSEL:

JONES DAY
Kenneth R. Adamo (*Pro Hac Vice* pending)
Tharan Gregory Lanier (*Pro Hac Vice* pending)
Thomas E. Friebel (*Pro Hac Vice* pending)
2882 Sand Hill Road, Suite 240
Menlo Park, CA 94025

May 6, 2005

MORRIS, NICHOLS, ARSHT & TUNNELL

*/s/ Donald E. Reid*
_____
Donald E. Reid (Del. Bar No. 1058)
Jason A. Cincilla (Del. Bar No. 4232)
1201 North Market Street
18th Floor
Wilmington, DE 19899-1347
Telephone: 302.575-7219
  Attorneys for Defendant
  Genencor International, Inc.

5

## CERTIFICATE OF SERVICE

I, Donald E. Reid, hereby certify that on the 6th day of May, 2005 a copy of Genencor International, Inc.'s Answer and Affirmative Defenses was served electronically on the following counsel of record:

>Josy W. Ingersoll, Esquire
>Young, Conaway, Stargatt & Taylor LLP
>The Brandywine Building
>1000 West Street, 17[th] Floor
>Wilmington, DE 19801

_____
Donald E. Reid (#1058)