IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| NOVOZYMES A/S, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | C.A. NO. 05-160-KAJ |
| | ) | |
| GENENCOR INTERNATIONAL INC. | ) | |
| AND | ) | |
| ENZYME DEVELOPMENT | ) | |
| CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

**STIPULATED PROTECTIVE ORDER**

It appearing that certain information, documents, and things of the parties subject to discovery in this action will contain, embody or reflect a trade secret or non-public, confidential, proprietary, or sensitive research, know-how, development or technical, personal, business, financial or commercial information, or other information otherwise covered by a legitimate right or interest of privacy, within the meaning of Fed. R. Civ. P. 26(c), the laws of the State of Delaware, or other applicable laws (hereinafter individually and collectively referred to as "confidential information"),

and in the interest of expediting discovery and permitting the same to proceed without delay occasioned by possible disputes regarding claims of confidential information,

and to preserve the parties' interests in their confidential information without unduly encroaching upon the public's right to be informed of judicial proceedings,

and recognizing that a party seeking to protect information filed under seal with the Court must show good cause for sealing that part of the record,

1

and the parties representing that their counsel are familiar with the laws relating to the protection of such confidential information, and acknowledging the importance of access by opposing parties to information important to the decision-making of the parties in the prosecution or defense of the litigation,

Novozymes A/S, Genencor International Inc., and Enzyme Development Corporation (hereinafter "the parties") hereby agree that the following Stipulated Protective Order ("this Order") be entered pursuant to Fed. R. Civ. P.26(c)(7) to provide access by the parties to such confidential information, subject to certain protective provisions hereinafter set forth.

IT IS HEREBY STIPULATED BY THE PARTIES, AND FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED THAT:

1.  (a)  This Order shall apply to all confidential information that is the subject of discovery or testimony in this action. Discovery materials and testimony as to which a disclosing party or non-party has an interest and as to which confidentiality is asserted in good faith and not (1) to impose any burden or delay on an opposing party, or (2) for tactical or other advantage in litigation, upon designation of the confidential material as CONFIDENTIAL or HIGHLY CONFIDENTIAL, shall be treated pursuant to the provisions of this Order. However, information shall not be designated or considered "confidential information" under the terms of this Order if:

(i)  at the time of the disclosure hereunder it is available to the public;

(ii)  after disclosure hereunder it becomes available to the public through no act or failure to act in violation of this Order or any other duty to the designating party not to disclose; or

(iii)  the receiving party can show it (a) was already lawfully known to the receiving party at the time of the disclosure hereunder; (b) was independently developed by the receiving party; or (c) was lawfully received by the

receiving party, after the time of disclosure hereunder, from a third party having the right to make such disclosure.

For purposes of this Order, disclosing non-parties shall have the same rights and obligations as a disclosing party.

(b) With the exception of documents and discovery materials produced in connection with discovery specifically related to plaintiff's motion for preliminary injunction ("PI Motion"), documents and other discovery materials shall be designated as confidential information prior to disclosure by labeling such documents and materials in a visible manner with a CONFIDENTIAL or HIGHLY CONFIDENTIAL legend stamped or affixed thereto, or by a manner mutually agreeable to the parties if the materials cannot be readily so labeled. If a disclosing party or non-party thereafter determines that it inadvertently failed to properly designate or label confidential materials, it may do so by giving prompt and timely notice to all parties, who shall thereafter treat the materials pursuant to the provisions of this Order. Documents and discovery materials produced in connection with the PI Motion may be designated as set forth in this paragraph, but if no such designation is made as of the time of production, all documents and discovery materials produced in connection with the PI Motion shall be treated as HIGHLY CONFIDENTIAL until any subsequent re-designation by the producing party, which re-designation shall be made reasonably promptly and in no event more than thirty (30) days after the production.

(c) Any disclosing party or non-party may designate testimony on oral deposition as CONFIDENTIAL or HIGHLY CONFIDENTIAL under the terms of this Order by i) so stating on the record during the deposition, or ii) by notifying the other parties in writing of the portions of such testimony to be so designated within fourteen (14) days of receipt of the transcript by the deponent or the deponent's counsel, which ever is earlier. Testimony designated during the deposition shall be treated as HIGHLY CONFIDENTIAL until such written notification is received, or if no written notification

is provided, until the expiration of the fourteen (14) day period. With regard to designations made during the deposition, the designating party shall have the right to exclude from the deposition all persons not entitled under this Order to view or receive such confidential information before the taking of such testimony. If a disclosing party or non-party promptly and timely determines that it inadvertently failed to properly designate confidential testimony, it may do so by giving notice to all parties, who shall thereafter treat the materials pursuant to the provisions of this Order. Any transcript portion that contains testimony so designated shall be labeled in a visible manner with the CONFIDENTIAL or HIGHLY CONFIDENTIAL legend, and if requested by the designating party, shall be bound in a separate, sealed volume by the court reporter.

    (d)    Documents and things produced for inspection or testing under Fed. R. Civ. P. 34 shall be treated as HIGHLY CONFIDENTIAL under this Order until such documents or things are taken into possession by the non-producing party for copying or otherwise, at which time the producing party may designate the materials under this Order. This Order shall also apply to results or documentation of such inspection or testing.

    2.    This Order does not effect or alter a disclosing party's rights to refuse to disclose information properly subject to the attorney-client privilege or the attorney work product doctrine. If a party, through inadvertence, produces or provides discovery that it believes is subject to a claim of attorney-client privilege, work product immunity, or is otherwise protected from disclosure, the producing party may give prompt and timely written notice to the receiving party or parties that the document is subject to a claim of attorney-client privilege, work product immunity, or other protection from disclosure, and request that the discovery be returned to the producing party. The receiving party or parties shall promptly return to the producing party such discovery. Return of the document by the receiving party shall not constitute an admission or concession, or permit any inference, that the returned document or thing is, in fact, properly subject to a

claim of attorney-client privilege, work product immunity, or other protection from disclosure, nor shall it foreclose any party from moving the Court for an order that such document or thing has been improperly designated or should be discoverable and/or usable in this action for reasons other than a waiver caused by the inadvertent production.

   3. A disclosing party may produce materials in redacted form, redacting only information that is protected or immune from or otherwise not subject to disclosure, and shall make the notation "RP," or other similar notation, on each redacted portion of the document.

   4. (i) Access to all materials designated with the CONFIDENTIAL legend, and disclosure of the information contained in such materials, shall be restricted solely to:

    (a) attorneys and agents in outside law firms which have appeared in this action as outside counsel of record (and their necessary support staff);

    (b) no more than three (3) in-house employees for Novozymes A/S and Genencor International Inc., and no more than two (2) in-house employees for Enzyme Development Corporation, excluding in-house technical / scientific experts, consultants, laboratory personnel, or inventors (of the subject patents, or otherwise) who have signed in advance the agreement contemplated by paragraph 6 of this Order. Substitutions or replacements of such in-house employees shall be subject to the same conditions, and shall be done only for good cause shown,

    (c) outside vendors for a party or their outside counsel of record who perform photocopying or other clerical functions;

    (d) independent outside experts (and their necessary support staff) retained specifically for this action as consulting or testifying experts and who have signed in advance the agreement contemplated by paragraph 6 of this Order;

    (e) the Court and its personnel;

(f) court reporters and external, outside translators who have signed in advance the agreement contemplated by paragraph 6 of this Order.

(ii) Confidential information may be designated with the HIGHLY CONFIDENTIAL legend if the disclosing party believes in good faith that the information should not be disclosed to anyone within the provision of paragraph 4(i)(b) because disclosure of such could have a significant adverse impact on the disclosing party's business, financial condition, ability to compete, or standing in the industry. Such information includes, without limitation, future business plans, financial analyses and projections, contractual relationships with third parties, the identification of customers and suppliers, materials relating to on-going research and development efforts and future products and technical materials used solely for internal purposes in connection with development, production, engineering, or sales training. Access to all materials designated with the HIGHLY CONFIDENTIAL legend, and disclosure of the information contained in such materials, shall be restricted solely to:

(a) attorneys and agents in outside law firms which have appeared in this action as outside counsel of record (and their necessary support staff);

(b) outside vendors for a party or their outside counsel of record who perform photocopying or other clerical functions;

(c) independent outside experts (and their necessary support staff) retained specifically for this action as consulting or testifying experts and who have signed in advance the agreement contemplated by paragraph 6 of this Order;

(d) the Court and its personnel;

(e) court reporters and external, outside translators who have signed in advance the agreement contemplated by paragraph 6 of this Order.

5. Any information designated with the CONFIDENTIAL legend (including extracts and summaries derived from such material) shall not be revealed to anyone other than those encompassed by paragraph 4(i) above, and any information designated with

the HIGHLY CONFIDENTIAL legend (including extracts and summaries derived from such material) shall not be revealed to anyone other than those encompassed by paragraph 4(ii) above unless:

(a) the disclosure is to an author or an addressee or recipient on the face of a document being disclosed who is not otherwise shown prior to such disclosure to have failed to author or receive the document;

(b) the disclosure is to a person who received or saw the information, or who can otherwise be shown to have known or possessed the information, prior to the disclosure;

(c) the disclosure is to a person who participated in any meeting or communication to which the information refers, or to whom the information refers;

(d) the disclosure is to an employee, officer, or agent of the disclosing party who is a deponent or other witness in this action;

(e) the disclosing party assents in advance in writing to such disclosure; or

(f) the Court otherwise directs.

6. For any person subject to this paragraph and paragraph 4 of this Order (except for paragraphs 4(i)(e) or 4(ii)(d)), PRIOR to that person being given access to such confidential information (whether or nor CONFIDENTIAL or HIGHLY CONFIDENTIAL), such person shall be provided with a copy of this Order, shall agree in writing (per Exhibit A hereto) to be bound by the terms and conditions of this Order, and subject himself or herself to the jurisdiction of the court for the purpose of enforcing the terms and conditions of this Order, and a copy of the written agreement shall be provided to all other parties PRIOR to access to such confidential information being given to such person. Further, each independent expert who is to be given access to any confidential information shall FIRST be identified in writing to opposing counsel at least ten (10) working days before being given such access. Such written identification shall

include a current resume or *curriculum vitae*. Should the disclosing party object to the disclosure of its confidential information to an identified independent expert within such ten (10) day period, no such confidential information shall be disclosed to the independent expert until the dispute has been resolved by the parties or the court. The same procedures shall apply to independent experts to be given access to any confidential information in connection with the PI motion, except that the period of time is reduced to three (3) days after written (including email) notice given no later than 5:00 p.m. local time at the office of the counsel to whom notice is directed; notice given on this expedited schedule as to a particular expert shall suffice for that expert for the remainder of the case.

7.   This Order does not relieve any party or non-party from compliance with the Federal Rules of Civil Procedure or the Local Rules or standing orders of this Court with respect to discovery disputes.

(a)   In the event that a party shall desire to provide access to confidential information hereunder to any person or category or persons not included in paragraph 4 hereof, and if the designating party objects thereto, the party may move this Court, in compliance with such Rules and orders and consistent with the other terms and provisions of this Stipulated Order, for an order that such person or category of persons may have access to the confidential information, provided that such person or persons have agreed in writing before such access is given to be bound by the terms of this Order by signing the form Exhibit A hereto, a copy of which shall be filed with the Court. Nonetheless, no such access shall be given to such person or category of persons until the matter has been resolved.

(b)   A party may request a designating party to withdraw or alter a CONFIDENTIAL or HIGHLY CONFIDENTIAL designation for specific material. Such request may include a request that the designating party produce redacted copies of specifically identified materials with the confidential information therein redacted. The

8

redacted copies shall not be designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL. Such request shall be by written notice to counsel for the designating party. If the dispute cannot be resolved between the parties in the above manner, a motion for re-designation may be filed with the Court in compliance with such Rules and orders applicable to discovery disputes, and otherwise consistent with the other terms and conditions of this Stipulated Order.

      (c)    Nothing in this Order shall limit or preclude any party or person, including members of the public, from applying to the Court for any relief from any provision thereof, or for modification or termination of this Order, of for any further or additional protective orders.

      8.    All confidential information obtained by one party from another party or non-party in the course of this lawsuit and subject to this Order shall be used by the receiving party solely for the preparation and trial of this lawsuit, and for no other purpose. In no event shall the receiving party use any confidential information for any purpose relating to any other litigation or dispute between the parties, or for the prosecution of any patent application or any request for similar rights in any country of the world. All confidential information shall be carefully maintained so as to preclude access by persons who are not entitled to receive such information.

      9.    Nothing in this Order shall be deemed to place any restrictions or obligations on any party or its attorneys with respect to access, use, disclosure, or disposition of its own confidential information. Such shall not affect any designation made pursuant to this Order if the party takes reasonable steps to maintain the confidentiality of the information.

      10.    Confidential information identified in accordance with paragraph 1 hereof shall not be filed with the Court or included, in whole or in part, in pleadings, motions or briefs; provided, however, that if a party believes confidential information is important to such pleading, motion, or brief, then, pursuant to any applicable Local Rule, such

information may, be filed in sealed envelopes prominently marked with the caption of the case and notation:

> "CONTAINS CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER, TO BE OPENED ONLY BY OR AS DIRECTED OR PERMITTED BY THE COURT"

and, when so filed, shall be opened only by personnel authorized by this Court and outside counsel of record who have previous signed onto this Stipulated Order. The provision of this paragraph shall not prevent a party from providing courtesy copies of motions or briefs to the Court in chambers.

11. A party shall not be obligated to challenge the propriety of a designation of a document or information as confidential at the time made, and failure to do so shall not preclude subsequent challenge to the designation or constitute any admission of confidentiality, unless otherwise provided for in this Stipulated Order.

12. Within thirty (30) days of settlement or final termination of this action, including all appeals, unless otherwise agreed to in writing by an attorney of record for the designating party, the attorneys for each party, upon request, shall assemble and destroy or return to the disclosing party all confidential documents and confidential things produced by that party, and shall destroy all copies thereof made subsequent to production which are in their possession, custody or control, except that outside counsel of record shall be entitled to retain one (1) copy of all litigation documents, including exhibits, transcripts of testimony, court filings, and their own correspondence and memoranda containing confidential information, but such documents shall be used only for the purpose of preserving a file on the action, and shall not, without the written permission of the disclosing party, or an order of this Court or another court of competent jurisdiction, be disclosed to anyone other than those to whom such information was

actually disclosed, in accordance with the terms and conditions of this Order, during the course of this action.

13. This Order shall remain in full force and effect unless modified or terminated by the Court and shall survive and remain in full force and effect after the termination of this action. Termination of this action shall not relieve any person from the obligations of this Order, unless the Court orders otherwise.

14. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

15.  The Court retains jurisdiction for purposes of enforcing the terms of this Order at any time.

RESPECTFULLY SUBMITTED UPON AGREEMENT AND STIPULATION:

| NOVOZYMES A/S | GENENCOR INTERNATIONAL INC. AND ENZYME DEVELOPMENT CORPORATION |
|---|---|
| By its attorneys: | By its attorneys: |
| *(signature)* | /s/ Donald E. Reid |
| YOUNG CONAWAY STARGATT & TAYLOR, LLP | MORRIS NICHOLS ARSHT & TUNNELL |
| Josy W. Ingersoll (#1088) | Donald E. Reid (#1058) |
| John W. Shaw (#3362) | 1201 N. Market Street |
| Karen E. Keller (#4489) | P.O. Box 1347 |
| The Brandywine Building | Wilmington, DE  19899-1347 |
| 1000 West Street, 17th Floor | (302) 575-7219 |
| Wilmington, DE  19801 | dreid@mnat.com |
| (302) 571-6600 | |
| kkeller@ycst.com | |

SO ORDERED on this _____ day of _____, 2005.

_____
The Honorable Kent A. Jordan
United States District Court Judge

WP3:1129781.1                                                                                                              999999.0755

Exhibit A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| NOVOZMES A/S, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | C.A. NO. 05-160-KAJ |
| | ) | |
| GENENCOR INTERNATIONAL INC. | ) | |
| AND | ) | |
| ENZYME DEVELOPMENT | ) | |
| CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

**UNDERTAKING OF:** _____

1.  My home address is:

_____.

2.  My present employer is and the address of my present employment is:

_____.

3.  My present occupation or job description is:

_____.

4.  I have received a copy of the Stipulated Protective Order in this action.

5.  I have carefully read and understand the provisions of the Stipulated Protective Order in this action.

6.  I will comply with all of the provisions of the Stipulated Protective Order.

7.  I will hold in confidence, will not disclose to anyone not qualified under the Stipulated Protective Order, and will use only for purposes of this action, in strict compliance with the terms and conditions of the Stipulated Protective Order, any confidential information which is disclosed to me. I acknowledge that termination of the litigation does not release me from the obligations set out in this paragraph.

Exhibit A

      8.     I will return all confidential information which comes into my possession, and documents or things which I have prepared relating thereto, to counsel for the party by whom I am employed or retained in strict accordance with the provisions of the Stipulated Protective Order.

      9.     I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Stipulated Protective Order in this action.

      10.    Any accompanying resume or *curriculum vitae* is a complete and accurate statement to the best of my knowledge, and I acknowledge that in submitting such resume or *curriculum vitae* I know that the receiving party shall rely thereon

Signature: _____

Date: _____