IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NOVOZYMES A/S, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05-160-KAJ |
| ) | |
| GENENCOR INTERNATIONAL, INC. and ) | |
| ENZYME DEVELOPMENT CORPORATION, ) | |
| ) | |
| Defendants. ) | |

## FIRST AMENDED SCHEDULING ORDER

At Wilmington this 28th day of October, 2005,

IT IS ORDERED that the court's July 5, 2005 Scheduling Order (D.I. 32), is hereby amended as follows:

1. Case Dispositive Motions. Case dispositive motions relating to damages, with opening briefs, and affidavits, if any, shall be served and filed on or before March 3, 2006. Briefing will be presented pursuant to the Court's Local Rules.

2. Hearing on Claim Construction. The parties have agreed that issues relating to claim construction will be addressed at the time of the Phase 1 Trial.

3. Applications by Motion. Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Clerk. Unless otherwise requested by the Court, counsel shall not deliver copies of papers or correspondence to Chambers. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

4. Phase 1 Pretrial Conference. On February 1, 2006, the Court will hold a Final Pretrial Conference in Chambers with counsel beginning at 2:00 p.m., on issues

Case 1:05-cv-00160-KAJ-MPT   Document 70   Filed 10/28/2005   Page 2 of 3

of liability, including infringement, validity, and unenforceability. Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3). The parties shall file with the Court the joint proposed final pretrial order with the information required by the form of Final Pretrial Order which accompanies this Scheduling Order on or before January 3, 2006.

5. Phase 2 Pretrial Conference. If warranted following the Phase 1 Trial, the Court will hold on September 12, 2006 a Final Pretrial Conference in Chambers with counsel beginning at 4:30 p.m., on issues related to damages. Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3). The parties shall file with the Court the joint proposed final pretrial order with the information required by the form of Final Pretrial Order which accompanies this Scheduling Order on or before August 14, 2006.

6. Motions *in Limine*. Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each party shall be limited to five *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of five pages of argument and may be opposed by a maximum of five pages of argument. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single five (5) page submission, unless otherwise ordered by the Court.

2

No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

7.  Phase 1 Trial. This matter is scheduled for a 3 day bench trial on liability issues, including infringement, validity, and unenforceability, beginning at 9:00 a.m. on March 6, 2006. On March 8, 2006, trial will not resume until 1:30 p.m. For the purpose of completing pretrial preparations, counsel should plan on each side being allocated a total of 9 hours to present their case.

8.  Phase 2 Trial. If necessary following the findings and conclusions reached after the Phase 1 Trial, a 3 day bench trial beginning at 9:00 a.m. on October 10, 2006. For the purpose of completing pretrial preparations, counsel should plan on each side being allocated a total of 9 hours to present their case.

All other deadlines as set forth in the Court's July 5, 2005 Scheduling Order (D.I. 32) shall remain in effect.

_____
UNITED STATES DISTRICT JUDGE