IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NOVOZYMES A/S, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05-160-KAJ |
| ) | |
| GENENCOR INTERNATIONAL, INC. and ) | |
| ENZYME DEVELOPMENT CORPORATION, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM ORDER

### I. INTRODUCTION

This is a patent infringement case brought by Novozymes A/S ("Plainitff") against Genencor International, Inc. and Enzyme Development Corporation (collectively, "Defendants"). Before me now is Defendants' motion in limine (Docket Item ["D.I."] 85 at 132-33; the "Motion") seeking to preclude Plaintiff from offering the deposition testimony of an expert whose declaration was used to support Defendants' opposition to Plaintiff's motion for a preliminary injunction. For the reasons that follow the Motion will be denied.

### II. BACKGROUND

In their opposition to Plaintiff's motion for a preliminary injunction, Defendants offered the declaration of Dr. Gregory Zeikus. (*Id.* at 132.) Plaintiff took Zeikus's deposition on the subject of that declaration. (*Id.* at 134.) While Defendants no longer wish to use Zeikus's testimony at trial (*id.* at 132), Plaintiff wants to use his deposition

testimony (*id.* at 134). According to Defendants, that out-of-court testimony is hearsay. (*Id.* at 132-33.)

## III.   DISCUSSION

"Statements made during deposition testimony that are offered at trial to prove the truth of the matter asserted are hearsay." *Aubrey Rogers Agency, Inc. v. AIG Life Ins. Co.*, Civ. A. 97-529, 2000 WL 135129, at *1 (D. Del. Jan. 13, 2000) (citing Fed. R. Evid. 801(c)). However, Federal Rule of Civil Procedure 32 provides an exception to the hearsay rule. *United States v. Vespe*, 868 F.2d 1328, 1339 (3d Cir 1989). Rule 32 states:

> [A]ny part or all of a deposition, so far as admissible under the rules of evidence applied as though the witness were then present and testifying, may be used against any party who was present or represented at the taking of the deposition or who had reasonable notice thereof . . . .

Fed. R. Civ. P. 32(a). The language requiring the rules of evidence to be applied as though the witness were then present and testifying was added in a 1970 amendment to eliminate the "possibility of certain technical hearsay objections which are based, not on the contents of deponent's testimony, but on his absence from court." Advisory Committee Note to the 1970 amendment of Fed. R. Civ. P. 32. Thus, "Rule 32(a) creates of its own force an exception to the hearsay rule." Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 2143. *See Vespe*, 868 F.2d at 1339.

According to Rule 32:

> The deposition of a witness . . . may be used by any party for any purpose if the court finds . . . that the witness is at a greater distance than 100 miles from the place of trial or hearing . . . unless it appears that the absence of the witness was procured by the party offering the deposition . . . .

Fed. R. Civ. P. 32(a)(3) & (a)(3)(B). Here, Defendants do not rebut the assertion that Zeikus resides in Michigan, which is more than 100 miles from the trial location. (D.I. 85 at 134 n.17.) Furthermore, there is no assertion that Plaintiff procured Zeikus's absence. Indeed, Defendants themselves chose this distant witness.

Defendants' argument appears to rest entirely on the assertion that Federal Rule of Evidence 801(d)(2) does not operate to make Zeikus's testimony non-hearsay. (*Id.* at 132-33 (citing *Kirk v. Raymark Indus., Inc.*, 61 F.3d 147, 163-65 (3d Cir. 1995); *Pfizer, Inc. v. Ranbaxy Labs., Ltd.*, No. Civ.A. 03-209, 2005 WL 2296613, at *1-*2 (D. Del. Sept. 25, 2005); *Glendale Fed. Bank, FSB v. United States*, 39 Fed. Cl. 422, 422-25 (Fed. Cl. 1997).) Because Federal Rule of Civil Procedure 32 creates its own exception to the hearsay rule, that assertion is irrelevant.

Therefore, I conclude that Rule 32(a)(3)(B) applies here, and Plaintiff may use Zeikus's deposition testimony in accordance with that Rule.

## IV. CONCLUSION

Accordingly, it is hereby ORDERED that the Motion is DENIED.

UNITED STATES DISTRICT JUDGE

February 10, 2006
Wilmington, Delaware