# Morris, Nichols, Arsht & Tunnell LLP

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

Donald E. Reid
302 351 9219
302 425 3001 Fax
dreid@mnat.com

February 28, 2006

**VIA ELECTRONIC FILING**

The Honorable Kent A. Jordan
United States District Court
 for the District of Delaware
844 King Street
Wilmington, DE 19801

      Re:   Novozymes A/S v. Genencor International, Inc., et al.
             C.A. No. 05-160 (KAJ)

Dear Judge Jordan:

      I am writing to follow up with Your Honor with regard to the privilege waiver issue that we briefed in Genencor and EDC's Motion in Limine re: Privilege Waiver. See Exhibit J to the Proposed Final Pretrial Order.

      At the pretrial conference, Your Honor directed Novozymes, at a minimum, to produce documents and make witnesses available, at least to the extent of the "limited waiver" that Novozymes claimed it had made (the parties still disagree about the scope of that waiver). Since that time, Novozymes has continued to withhold documents it should have produced, which are within the scope of the waiver, despite numerous requests from Genencor and EDC.[1] Therefore, Genencor and EDC hereby renew their Motion in Limine re: Privilege Waiver.

      Novozymes did initially ask Genencor and EDC to review its privilege log and direct it to documents which Genencor and EDC considered subject to the limited waiver. However, when Genencor and EDC did this, Novozymes refused to provide further detail on the entries Genencor and EDC had identified, including redacted portions of documents it had just recently produced. Novozymes claimed that there was "no reasonable basis" to believe that the entries have to do with the Machius reference or the Borchert declaration, notwithstanding that the "descriptions" of the entries at issue were so general ("patent strategy" and "patent prosecution" for two examples) that it was impossible to tell anything about what was discussed therein. After much back and forth between the attorneys, on February 27, 2006, Novozymes finally offered a paltry explanation of the redacted portions of recently produced documents, but it continues to refuse to provide any more information regarding the privilege log entries identified by Genencor and EDC.

---

[1]   Attached is a chart outlining communications between counsel for the parties since the time of the pretrial hearing.

The Honorable Kent A. Jordan
February 18, 2005
Page 2

With regard to the small amount of documents that it has produced to Genencor and EDC, Novozymes chose to produce those documents a few at a time, and only over the course of the last several weeks. In addition, many of those documents are in Danish, requiring additional time and expense to translate them and many of those documents continue to be redacted. Further, Novozymes has recently produced documents that concern new experiments it apparently has been conducting in an effort to bolster its case. However, other "experiment-related" documents it has just produced are dated several months ago, and clearly could have been produced before the close of discovery. Thus, once again, Novozymes is selectively waiving privilege on documents that may help its case, while denying access to other documents that Genencor and EDC have a right to review given Novozymes privilege waiver.

In sum, Genencor and EDC identified from the privilege log those communications that appeared to be subject to the "limited waiver", having to rely on vague general labels such as "patent strategy" or "patent prosecution". While Novozymes claims that relying on such labels is not a sufficient reason for it to have to provide further explanation on a document, the fact is that the documents Novozymes chose to produce (such as those at the Garbell deposition) speak of exactly the issues of interest as matters of "patent strategy". Thus, there is a reasonable basis to believe that the documents Novozymes thought were sufficiently relevant to be responsive to document requests and listed on the privilege log are, in fact, related to the '031 prosecution and within the scope of the limited waiver.

Our request for relief is urgent, but limited. Novozymes was obligated to provide additional information about documents on its privilege log and to produce all documents, in their unredacted form, subject to the limited privilege waiver, (including all documents concerning experiments Novozymes has conducted and apparently continues to conduct, relating to the subject matter of the '031 patent), but it failed to do so and it is simply too late. Trial in this matter begins in less than a week. Therefore we renew Genencor and EDC's Motion in Limine re: Privilege Waiver for all of the basis set forth in that motion, as exacerbated by all that has happened (or not happened) since the time of the pretrial conference.

Respectfully yours,

Donald E. Reid (#1058)

DER/amr
Enclosure
cc:   Dr. Peter T. Dalleo, Clerk (w/enc.) (Via Electronic Filing)
      Rolin P. Bissell, Esquire (w/enc.) (Via Electronic Filing)