# YOUNG CONAWAY STARGATT & TAYLOR, LLP

ROLIN P. BISSELL
DIRECT DIAL: 302.571.6560
DIRECT FAX: 302.576.3474
rbissell@ycst.com

THE BRANDYWINE BUILDING
1000 WEST STREET, 17TH FLOOR
WILMINGTON, DELAWARE 19801

P.O. BOX 391
WILMINGTON, DELAWARE 19899-0391

(302) 571-6600
(302) 571-1253 FAX
(800) 253-2234 (DE ONLY)
www.youngconaway.com

March 1, 2006

**_VIA E-FILING AND HAND DELIVERY_**
The Honorable Kent A. Jordan
United States District Court
 for the District of Delaware
844 N. King Street
Wilmington, DE 19801

      Re:   *Novozymes A/S v. Genencor International, Inc. et al.*
            C.A. No. 05-160 (KAJ)

Dear Judge Jordan:

    We write in response to Genencor's letter of yesterday, February 28, 2006, renewing its motion *in limine* regarding Novozymes' waiver of privilege.

    Genencor claims that Novozymes has failed to produce all of the documents within the scope of its limited waiver of attorney client privilege. Novozymes has not failed to produce documents, and Genencor has provided no evidence, or even a cognizable argument, that Novozymes has failed to do so. The Court should deny Genencor's renewed motion in its entirety.

    Since the pre-trial conference, the parties have conducted expedited discovery related to the limited waiver. Novozymes again re-reviewed the <u>entire</u> content of its privilege log, parts of it multiple times, to ensure that it had produced all relevant documents within the scope of the limited waiver. Novozymes also provided every deposition for which Genencor asked, even sending counsel to Denmark to accommodate Genencor's request that a deposition be taken on a particular date.

    Genencor's response to Novozymes' efforts was that it was "skeptical" that there were not more documents that were listed on Novozymes' privilege log that were within the scope of the limited waiver. Although Genencor had no real basis for its skepticism[1], Novozymes offered to look (again) at any particular documents Genencor brought to Novozymes' attention.

---

[1] For example, Genencor cited Novozymes' alleged non-production of a document that: 1) in fact, had been produced <u>twice</u> to Genencor during discovery in this case in July 2005; and 2) was a publicly disclosed document that had never been listed on Novozymes' privilege log.

DB01:2008131.1                                                                                          064080.1001

YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Honorable Kent A. Jordan
March 1, 2006
Page 2

    Genencor did, as it says, provide Novozymes with a list of documents on Novozymes' privilege log for Novozymes to review. What Genencor did not tell the Court is that their list was over 100 pages long and listed 700 documents. This request was unreasonable on its face. Besides the list's length, it is clear from the description and/or timing of the documents that the overwhelming majority have nothing to do with Machius, the Borchert declaration, or Genencor's inequitable conduct claim. The list contained documents from <u>after</u> the patent-in-suit issued - which are irrelevant to inequitable conduct - and from <u>before</u> the patent was filed. Indeed, at least one document <u>pre-dates the existence</u> of the Machius reference.

    In addition, Genencor has unreasonably demanded that Novozymes provide a "detailed explanation" as to why each and every document on its list was not subject to the limited waiver. Novozymes has no obligation to do so, and Genencor cites no authority that Novozymes is required to provide more than a standard privilege log as to these 700 plus documents. Genencor's demand would impose a burden on Novozymes on the eve of trial to prove, beyond all doubt, that each individual document is not subject to the limited waiver. This is not Novozymes' burden and imposing such a burden would be unfounded. Nonetheless, despite that it had no obligation to do so, Novozymes <u>did</u> review Genencor's 700-plus document list in detail, the <u>fifth</u> Novozymes review for these documents, and determined that there were no additional documents subject to waiver.

    Genencor suggests that Novozymes has acceded to a "reasonable basis" test as to whether a particular document requires explanation as to why it was not subject to the limited waiver, and, claiming that Novozymes privilege log was "vague" and "general,"[2] asserts there is a reasonable basis to believe that all the documents are related. There is no "reasonable basis" test, and Novozymes made no accession to such a test. Again, Genencor cites no authority to support its position.

    Genencor essentially asks this Court to rule that a document is subject to waiver unless Genencor concludes, on whatever basis it sees fit, that Novozymes' privilege log completely and unequivocally excludes the document from the waiver. This is not the criteria (although a document pre-dating Machius would fit even Genencor's criteria), not what the Court directed at the pre-trial conference, and plainly not reasonable.

    Demonstrating the extremity of Genencor's position, even where Novozymes provided Genencor with a "detailed explanation," Genencor still claims Novozymes committed discovery misconduct. As an attempt at compromise, Novozymes agreed to provide Genencor with a detailed explanation of the <u>subject matter of redacted portions</u> of documents produced by Novozymes. The explanations made clear that the subject matter was unrelated to the waived patent prosecution subjects, *e.g.*, they instead relate to infringement analyses. Genencor does not

---

    [2] Novozymes' privilege log is not vague or too general, and regardless, having been produced to Genencor nearly eight months ago, the time has long since passed for Genencor to complain to the Court. Genencor does not claim that Novozymes' privilege log fails to establish that the documents are subject to attorney-client privilege or attorney work product protection in the first instance, *i.e.*, absent any waiver.

Young Conaway Stargatt & Taylor, LLP
The Honorable Kent A. Jordan
March 1, 2006
Page 3

argue that Novozymes' explanations show that the redacted material is subject to the waiver, yet Genencor somehow claims the material should have been produced.

Finally, Genencor attempts to conflate Novozymes' limited waiver with respect to prosecution of the patent-in-suit with so-called "late production" of documents (see top of page 2 of Genencor's letter). As Novozymes' explained in its "G997" *in limine* motion and at the pre-trial conference, the latter have nothing to do with the waived subjects. Rather, they were produced after Genencor's "bait and switch" regarding G997's amino acid sequence and as rebuttal to Genencor's expert reports served in this case. *See* Tr. at 52:8-12.[3]

In summary, Novozymes has not failed to produce documents, and Genencor has not shown otherwise. Genencor's "list" does not show otherwise. The fact that a privilege log entry created months ago does not, beyond all possible doubt, exclude a document from the limited waiver is not proof, nor even reasonable speculation. Genencor's demand for an explanation for each and every document was unfounded, and, at best, a "fishing expedition" in hopes of creating an unfounded aura of deception by Novozymes where absolutely none exists. To the contrary, the four-page list of correspondence and discussions between the parties that Genencor submitted to the Court shows the great effort Novozymes has gone to accommodate Genencor's requests and demands. Novozymes has been more than reasonable. Genencor has been unreasonable. The Court should deny Genencor's request for relief in its entirety.

Respectfully,

Rolin P. Bissell (# 4478)

RPB:smf

cc:   Donald E. Reid, Esquire (via email)

---

[3] In any event, Novozymes is not selectively providing discovery. Novozymes has produced every relevant (and to the extent privilege has not been waived, non-privileged) document it has located on these rebuttal topics. It has agreed to multiple requests for additional document searches by Genencor. Novozymes has made every witness Genencor has asked for available for deposition at significance expense to Novozymes.