# Morris, Nichols, Arsht & Tunnell LLP

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

Donald E. Reid
302 351 9219
302 425 3001 Fax
dreid@mnat.com

March 3, 2006

**VIA ELECTRONIC FILING**

The Honorable Kent A. Jordan
United States District Court
  for the District of Delaware
844 King Street
Wilmington, DE  19801

Re:    Novozymes A/S v. Genencor International, Inc., et al. C.A. No. 05-160 (KAJ)

Dear Judge Jordan:

      I apologize for the confusion regarding the attempted teleconference with Your Honor yesterday afternoon to discuss the parties' letters of February 28 and March 1. Since the teleconference did not go forward, we made another effort to resolve the disputes but that effort was unsuccessful. Accordingly, the parties will still require the Court's assistance today at the 2:30 p.m. teleconference.

      There are two major issues.  The first relates to the ongoing dispute about Novozymes' privilege waiver.  In sum, despite its own offer to do so, and the Court's order at the pretrial conference, Novozymes will not provide any information supporting its refusal to produce hundreds of documents which were generated during the time most relevant to the inequitable conduct issues and which have the same general description on its privilege log (e.g., "patent prosecution", "patent strategy") as documents which Novozymes elected to produce. Novozymes' protestations that it has no more documents to produce are belied by its consistent and repeated productions of additional privileged documents after its several prior statements that there were no more (and by the numerous references to other, unproduced and related documents, in documents which Novozymes has elected to produce).  It is impossible at this late date to verify that Novozymes has actually provided all the discovery which should be permitted even under its "limited waiver" of privilege, and as a result defendants renew their motion in limine on that issue.

      The second issue relates to discovery on two technical subjects: the experiments conducted by Novozymes to address the "ramp up" issue discussed by defendants' expert Klibanov as a reason the Borchert Declaration and experiments are unreliable; and the analysis of the protein sequence of an alleged "parent" of SPEZYME(r)ETHYL, G997.

      As Your Honor may recall, the issue arose for the first time at the pretrial conference, because Novozymes provided notice to defendants of some new evidence,

The Honorable Kent A. Jordan
March 3, 2006
Page 2

including a possible new expert report, only the night before the pre-trial (long after expert reports were due, and after the close of discovery). The Court ordered that Novozymes provide promptly all relevant documents and expert opinions and provide its witnesses for depositions on an expedited basis. Unfortunately, that did not happen.

While Novozymes has made available for deposition the requested witnesses, in every case it produced documents relevant to that witness' deposition after the deposition occurred (usually addressing questions at the deposition for which the witness claimed to have no answer or recollection). Worse yet, instead of promptly providing the expert opinion promised by Novozymes at the pretrial conference (which turned out to be on a different issue, the ramp up experiments, than the issue Novozymes raised the evening before, the sequence of G997), Novozymes instead first provided an "informal analysis" to defendants. That was followed by a later supplemental expert report contradicting the "informal analysis" in important respects. Both the informal analysis and the report were then at least partially disavowed by the expert at her deposition, and more documents were provided, both before and after her deposition. In fact, additional documents were being identified and produced even as of yesterday, all after the chance for any deposition to understand them or their relevance to this case.

In short, Novozymes did not honor the Court's order to promptly provide the relevant documents and expert opinion, and certainly did not honor the spirit of the Court's order to permit expedited depositions, when it produced relevant documents after the depositions. The Court set an expedited schedule for this case, including discovery in the last few weeks, in order that the issues would be clarified and disputes resolved well before next week's trial. The opposite has happened.

Nevertheless, defendants attempted to resolve the issues, by proposing that the parties be held to the expert opinions and document productions they timely made in compliance with the Court's scheduling orders. Specifically, defendants proposed to Novozymes that the parties be foreclosed from relying on documents and opinions provided after the pretrial conference, though the opposing party could use such materials (e.g., for impeachment) if it chose. As seen in the attached e-mail correspondence, Novozymes refused that proposal. Defendants make that proposal again, this time to the Court, as the appropriate way to address the prejudice to defendants' trial preparation created by Novozymes' conduct without delaying the trial set for Monday. We respectfully request that the Court consider and adopt this proposal as its order.

Respectfully yours,

Donald E. Reid (#1058)

DER/amr
Enclosure

cc:   Dr. Peter T. Dalleo, Clerk (w/enc.) (Via Electronic Filing)
      Rolin P. Bissell, Esquire (w/enc.) (Via Electronic Filing)

509446