# YOUNG CONAWAY STARGATT & TAYLOR, LLP

ROLIN P. BISSELL
DIRECT DIAL: 302.571.6560
DIRECT FAX: 302.576.3474
rbissell@ycst.com

THE BRANDYWINE BUILDING
1000 WEST STREET, 17TH FLOOR
WILMINGTON, DELAWARE 19801

P.O. BOX 391
WILMINGTON, DELAWARE 19899-0391

(302) 571-6600
(302) 571-1253 FAX
(800) 253-2234 (DE ONLY)
www.youngconaway.com

March 3, 2006

*VIA E-FILING AND HAND DELIVERY*
The Honorable Kent A. Jordan
United States District Court
 for the District of Delaware
844 N. King Street
Wilmington, DE 19801

      Re:    *Novozymes A/S v. Genencor International, Inc. et al.*
              C.A. No. 05-160 (KAJ)

Dear Judge Jordan:

      We were surprised by Genencor's submission of a supplemental letter just hours before teleconference the Court has scheduled for 2;30 pm today. Although Genencor's letter of today is largely cumulative of its earlier letter, we respectfully ask the Court's indulgence of this short letter in response solely to address a few key distortions in it.

      First, Novozymes did not offer to, and did not understand the Court to be ordering Novozymes to, provide Genencor with detailed explanations for why each document on its privilege log was not subject to its limited patent prosecution waiver. Novozymes did carefully review its privilege log again, including Genencor's 100-plus page list of documents, to ensure that no additional documents need to be produced. Further, Novozymes asked Genencor for explanations why it believed particular documents were subject to waiver. Genencor never did.

      To be clear, contrary to Genencor's claim, Novozymes has not produced any additional documents subject to its limited prosecution waiver since the pre-trial conference (or after the close of discovery), because there are none. The "additional privileged documents" to which Genencor refers are documents created during the litigation as part of Novozymes preparation of its case. As Novozymes has previously stated, these were necessitated by Genencor reneging, at the last minute, to stipulate to the sequence of G997, and as rebuttal to Genencor's expert reports. They have nothing to do with Novozymes' prosecution waiver.

      The expert report referenced by Genencor was produced on February 14, just a few days after the pre-trial conference. The "informal" report had been produced in good faith on the day it was generated before the pre-trial conference, and Novozymes told Genencor that a formal report was forthcoming. Genencor had a full and fair opportunity to depose Novozymes' expert, Dr. Arnold, on that report, and any alleged inconsistencies with her "informal" report.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

The Honorable Kent A. Jordan
March 3, 2006
Page 2

      We also wish to point out that both parties have produced documents since the pre-trial conference. In fact, Genencor produced an expert report just this past Monday, February 27, just a week before trial, in rebuttal to Dr. Arnold's February 14 report (which, as a rebuttal to a rebuttal report was improper under the Court's scheduling orders in this case). Novozymes is deposing that expert this afternoon. Genencor provided no explanation as to why it took them almost two weeks to produce this report. In addition, Genencor complains about documents produced after depositions, but Genencor asked for additional documents in those depositions. Novozymes simply complied with Genencor's request, without, for the most part, disputing whether Genencor was actually entitled to them. Novozymes did its best, in the spirit of the Court's order, to be cooperative.

      Genencor now asks, on the eve trial, after weeks of discovery and the parties having taken six depositions,[1] that it all be erased as if it never happened. This is not reasonable, there is no reason to do so, and, Novozymes submits, is not in accordance with the Court's wishes expressed at the pre-trial conference. The Court should deny Genencor's requests.

Respectfully,

Rolin P. Bissell (No. 4478)

RPB:smf

cc:    Donald E. Reid, Esquire (via email)

---

[1] Genencor originally demanded depositions of more witnesses, but then withdrew its requests after Novozymes had spend considerable time and effort toward arranging for witnesses to travel from Denmark to the U.S.

DB01:2008131.1                                                                                           064080.1001