# EXHIBIT A

## EXHIBIT A

Genencor's Inequitable Conduct Allegations Regarding Machius Are Unfounded

| *The Accusation* | *The Facts* |
|---|---|
| Garbell recognized that Machius at least summarized Suzuki. **GPTB, at 32**. | True. This is the essence of a cumulative reference. *Scripps.*, 927 F.2d at 1582. And Garbell thought there was nothing material in Machius. **A5671:23-5672:17**. |
| Garbell admitted it was possible the '031 patent would not have issued had Machius been cited. **GPTB, at 31**. | False. Garbell agreed that if the Examiner rejected the claims over Machius, it is "possible" the patent might not have issued; but he did not know. **A5676:9-14** |
| Garbell knew of and violated the "when in doubt rule" about citing prior art. **GPTB, at 32**. | False. Garbell was not in doubt that Machius was immaterial. **A5676:25-A5677:4**.[16] |
| Borchert admitted that Machius contained teachings beyond those of Suzuki. **GPTB, at 32**. | False. The cited testimony refers to what Genencor's counsel alleged was missing in Suzuki, not what is present in Machius. Nor did Borchert say that anything in Machius is important. **A5588:22-5589:25; NPF, ¶393-401.** |
| Novozymes decided not to cite Machius to ensure that the '031 patent would issue; because of "new grounds" for rejection which would have presented "uncertain obstacles" or at least delayed issuance of the '031 patent. **GPTB, at 32-33**. | False. Novozymes knew about Machius for 10 years; there was time to cite it. **NPF, ¶249-56; GPTB, at 30**. Nor did Machius become material at the last minute. It provided no new ground for rejection. **NPF, ¶249-56, 393-401**. Machius was not cited because it was not seen as material. **NPF, ¶249-56, 393-401**. |

---

[16] The "when in doubt" formula is guidance for patent attorneys provided in the Manual of Patent Examining Procedure ("MPEP"). Practitioners are encouraged to cite doubtful references in order to err on the safe side; *i.e.*, to avoid accusations of the kind made here. Inaction from on a "doubt" is not *per se* inequitable, as the statute and cases make clear. Misconduct requires an omission or misrepresentation that would make a claim unpatentable or contradict the patentee's arguments, plus a conspicuous intent to deceive. 37 C.F.R. §1.56; *Purdue Pharma, L.P. v. Endo Pharms., Inc.*, 438 F.3d 1123, 1128-29 (Fed. Cir. 2006). Even gross negligence in failing to cite a reference is not inequitable. *Kingsdown Med. Consultants*, 863 F.2d at 876. In any case, there was no doubt here, and no offense to the "when in doubt" approach.