# EXHIBIT C

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

|   |   |
|---|---|
| NOVOZYMES A/S, | |
| Plaintiff | |
| v. | C.A. No. 05-160-KAJ |
| GENENCOR INTERNATIONAL, INC., and | |
| ENZYME DEVELOPMENT CORPORATION | |
| Defendants | |

**NOVOZYMES A/S FIRST SET OF REQUESTS**
**FOR THE PRODUCTION OF DOCUMENTS AND THINGS (NOS. 1-60)**
**TO GENENCOR INTERNATIONAL, INC. AND**
**ENZYME DEVELOPMENT CORPORATION**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, the Local

Rules of the United States District Court for the District of Delaware, and the Orders of the

Court, Plaintiff Novozymes A/S ("Novozymes"), by its attorneys, hereby requests that

Defendants Genencor International, Inc. and Enzyme Development Corporation (collectively

"Genencor" or "Defendants") produce the documents and things requested below for

inspection and copying by July 22, 2005, or by such other time as may be mutually agreed

upon between the parties, at the office of Darby & Darby P.C., 805 Third Avenue, New York,

New York 10022.

## DEFINITIONS

The definitions set forth in Novozymes' First Set of Interrogatories to Defendants are incorporated by reference herein *in haec verbis*.

## INSTRUCTIONS

A.    Unless otherwise defined herein, words and phrases are to be given their ordinary meaning consistent with the Federal Rules of Civil Procedure and shall not be restrictively construed so as to avoid responding to the fair scope of the Request.

B.    As required by Federal Rule of Civil Procedure 34(b), all documents produced for inspection and copying in response to these requests shall be produced as they are kept in the ordinary course of business or shall be organized and labeled to correspond to the categories in each request.  Documents that are part of the same file, patent, engineering or development file, analytical report or study, or other grouping should be physically produced together with all other documents from said file, report or grouping responsive to said request.  The document should also be produced in the same order or manner of arrangement as the original, along with a copy of the file cover or label from which it is produced.  Pages or documents that are physically attached to each other shall be produced so attached, documents that are segregated or separated from each other, whether by use of dividers, tabs or any other method, shall be produced in such form.  Where the source of the document is not apparent from the document itself or the file cover under which the document is produced, the identity of the source of the document should be provided.

C.    For any document produced, all drafts, revisions, earlier and later versions, and non-identical copies thereof (whether by alternations, notes interlineations, comments, initials, underscoring, indication of routing, or any other differences) shall be produced.

D.    If a document produced is in a language other than English, produce both the original and any English version or translation thereof.

E.    All grounds for any objection to a document request or subpart thereof shall be stated with specificity. Any ground not stated in an objection within the time provided, or any extensions thereof, shall be deemed waived.

F.    If any responsive document is to be withheld or redacted on the basis of a claim of privilege or work product, each such document is to be identified, stating

    (i)    the title of the document;

    (ii)    the type of document (letter, note, memorandum, etc.);

    (iii)    the name, position, title and address of any person who authored the document, assisted in its preparation, or in whose name the document was prepared;

    (iv)    the name, position and title of any addressor and addressee, including their address;

    (v)    any indicated copies or blind copies, including, but not limited to name, position, title and address of anyone indicated as receiving a copy or blind copy;

    (vi)    the date, subject matter and number of pages or size of the document;

    (vii)    the identity, title, date, author(s), subject matter, type and number of pages of any attachments, enclosures or appendices to the document;

- 3 -

(viii)   all persons to whom the document or a copy thereof was distributed, shown or explained, or who received , read or viewed the document or a copy thereof;

(ix)   the name, position, address and title of all persons having possession, custody or control of the document or any copy thereof at any time;

(x)   other information necessary to identify the document for a subpoena *duces tecum*, including; and

(xi)   the basis for the privilege or the ground for exclusion in accordance with Rule 26(b)(5) of the Federal Rules of Civil Procedure, including, if the privilege being asserted is governed by state law, indicate the state's privilege rule being invoked.

G.     All documents requested should be made available for inspection and copying on the date the responses to these requests are due or at a date agreed upon by the parties.

H.     If any otherwise responsive document has been, but is no longer in the possession, custody or control of the producing party, each such document is to be identified in writing by stating:

(i)   any addressor and addressee;

(ii)   the names and addresses of any indicated copies or blind copies;

(iii)   the author(s), date, title, subject matter and number of pages of the document;

(iv)   the identity, title, date, author(s), subject matter, type and number of pages of any attachments, enclosures or appendices to the document;

- 4 -

(v)     all persons to whom the document or a copy thereof was distributed, shown or explained, or who received , read or viewed the document or a copy thereof;

(vi)     its date of destruction, loss, discard or transfer, the manner of destruction, loss, discard or transfer and reasons therefor;

(vii)     the identity and addresses of the persons authorizing and carrying out such destruction, discard or transfer; and

(viii)     the identity and address of any person who has or is believed to have possession, custody or control of the document or any copy thereof, whether complete or a portion.

I.     Each sub-paragraph (if any) of each Request is to be considered independently and not limited by the paragraphs of which it may be a part.

J.     Pursuant to Federal Rule of Civil Procedure 26(e), these discovery requests are of a continuing nature.  If at any time during the discovery period in this action you acquire possession, custody, or control of any additional documents responsive to these requests, you shall promptly furnish such supplemental documents to counsel for Plaintiff.

## REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

### REQUEST NO. 1:

All documents and things identified or generally referred to in Defendant's Fed. R. Civ. P. 26(a)(1) Initial Disclosures.

**REQUEST NO. 2:**

All documents and things Defendant reviewed, considered, or relied upon, in whole or in part, to prepare Defendant's Fed. R. Civ. P. 26(a)(1) Initial Disclosures.

**REQUEST NO. 3:**

All documents and things identified or generally referred to in any of Defendant's responses to Plaintiff's Interrogatories.

**REQUEST NO. 4:**

All documents and things Defendant reviewed, considered, or relied upon, in whole or in part, in regard to considering or responding to Plaintiff's Interrogatories.

**REQUEST NO. 5:**

All documents and things Defendant reviewed, considered, or relied upon, in whole or in part, to prepare Defendant's Answer in this action.

**REQUEST NO. 6:**

All documents and things on which Defendant relied as a factual or legal basis for its denial (as set forth in Defendant's Answer) that Defendants have infringed claims 1 and 3 of the '031 patent.

**REQUEST NO. 7:**

All documents and things that relate or refer to any experiments, research, investigation, development, analysis, study or evaluation performed by or on behalf of

Defendant on which Defendant relied as its factual basis for its denial (as set forth in Defendant's Answer) that Defendants have infringed claims 1 and 3 of the '031 patent.

**REQUEST NO. 8:**

With respect to claims 1 and 3, all documents and things that relate to Defendant's admission as set forth at paragraph 11 of Defendant's Answer.

**REQUEST NO. 9:**

With respect to claims 1 and 3, all documents and things that relate to the factual or legal bases for Defendant's affirmative defense that "Genencor has not infringed any valid or enforceable claims of the '031 patent" as set forth in Defendant's Answer at page 3.

**REQUEST NO. 10:**

All documents and things that relate to the factual or legal bases for Defendant's affirmative defense that "[t]he '031 patent is invalid for failing to satisfy one or more of the conditions of patentability and/or otherwise comply with the requirements of 35 U.S.C. §§ 101, 102, 103, and/or 112," as set forth in Defendant's Answer at page 3, including but not limited to all Prior Art.

**REQUEST NO. 11:**

All documents and things that relate to the factual or legal bases for Defendant's affirmative defense titled "THIRD AFFIRMATIVE DEFENSE" as set forth in Defendant's Answer.

**REQUEST NO. 12:**

All documents and things that relate to the factual or legal bases for Defendant's affirmative defense titled "FOURTH AFFIRMATIVE DEFENSE" as set forth in Defendant's Answer at page 4.

**REQUEST NO. 13:**

With respect to claims 1 and 3, all documents and things related to Defendant's denial (at page 2 of Defendant's Answer) that "Novozyme's statements in paragraph 6 of the Complaint completely or accurately describe all limitations of any or all claims of the '031 patent".

**REQUEST NO. 14:**

All documents and things related to Defendant's denial (at page 2 of Defendant's Answer) that "Novozyme's statements in paragraph 9 of the Complaint completely or accurately describe Spezyme® Ethyl".

**REQUEST NO. 15:**

All documents and things that relate to the earliest date of the conception and reduction to practice of any enzyme (i.e., any alpha-amylase) that Defendant contends constitutes Prior Art.

**REQUEST NO. 16:**

All documents and things related to the discovery or development of any of Defendant's Spezyme® Ethyl products that are or were sold, offered for sale, used, tested, or

manufactured for use in the United States, including any precursors or related commercial products.

**REQUEST NO. 17:**

All documents and things related to the '031 patent, or any patent or patent application related thereto, including but not limited to communications between or among Defendant's officers, directors, management, employees, agents, consultants and/or counsel, or between Genencor and any other person, relating in any way to the '031 patent.

**REQUEST NO. 18:**

All documents and things related to the validity or invalidity, enforceability or unenforceability, scope or interpretation of claims 1 and 3 of the '031 patent.

**REQUEST NO. 19:**

All documents and things constituting, identifying or relating to any Prior Art.

**REQUEST NO. 20:**

All documents evidencing the results of any search for Prior Art or any search or study related to the subject matter claimed in the '031 patent.

**REQUEST NO. 21:**

All documents and things relating to the state of the art or level of skill in the art in the manufacture or use of an alpha-amylase variant in 1994 or 1995.

- 9 -

**REQUEST NO. 22:**

All dictionaries, treatises, publications, or other documents that tend to support or refute Defendant's proposed interpretation of any term(s) in claims 1 or 3 of the '031 patent.

**REQUEST NO. 23:**

All documents and things related to Defendant's contentions concerning the state of the art or the level of skill in the art relevant to a claim in the '031 patent.

**REQUEST NO. 24:**

All documents and things relating to Defendant's knowledge or awareness of the publication of any patent application that resulted in the '031 patent.

**REQUEST NO. 25:**

All documents that comprise, refer, or relate to Defendant's contentions regarding the validity or invalidity of any of claims 1 and 3 of the '031 patent, including but not limited to any documents that comprise, refer, or relate to any opinion or statement of Defendant, or any opinion or statement prepared at the behest of Defendant, regarding whether any claim in the '031 patent is invalid.

**REQUEST NO. 26:**

All documents that comprise, refer, or relate to Defendant's contentions regarding the enforceability of the '031 patent, including but not limited to documents that comprise, refer, or relate to any opinion or statement of Defendant, or any opinion or

statement prepared at the behest of Defendant, regarding whether the '031 patent may be unenforceable due to inequitable conduct or fraud on the U.S. Patent and Trademark Office.

**REQUEST NO. 27:**

All documents and things that mention, discuss, or refer to both Novozymes and an alpha-amylase.

**REQUEST NO. 28:**

All communications between Genencor and any other person relating in any way to Novozymes and an alpha-amylase.

**REQUEST NO. 29:**

All communications between Genencor and any other person relating in any way to the Lawsuit.

**REQUEST NO. 30:**

Documents relating to Defendant's internal business organization structure between January 1, 1999 and the present day.

**REQUEST NO. 31:**

All documents relating to the organizational relationships between/among Defendant's directors, management, employees and agents (including at a minimum any internal Genencor's organizational charts, work location directories, and telephone directories) between January 1, 1999 and the present day.

**REQUEST NO. 32:**

All documents related to Defendant's Spezyme® Ethyl products that are or were manufactured, offered for testing, offered for sale or sold in the United States, including but not limited to Spezyme® Ethyl.

**REQUEST NO. 33:**

All documents related to the research, design, development, implementation, and/or evaluation of any of Defendant's Spezyme® Ethyl products that are or were manufactured, offered for testing, offered for sale or sold in the United States, including but not limited to Spezyme® Ethyl.

**REQUEST NO. 34:**

Documents sufficient to show the identity of all persons who participated in the research, design, development, implementation, testing, or evaluation of any of Defendant's Spezyme® Ethyl products that are or were manufactured, offered for testing, offered for sale or sold in the United States, including but not limited to Spezyme® Ethyl.

**REQUEST NO. 35:**

All documents that relate to Defendant's contentions regarding infringement or non-infringement of any of claims 1 and 3 of the '031 patent, including but not limited to any documents that comprise, refer, or relate to any opinion or statement of Defendant, or any opinion or statement prepared at the behest of Defendant, regarding whether Defendant's product(s) or activities infringe any claim in the '031 patent.

- 12 -

**REQUEST NO. 36:**

All documents related to any presentation by Defendant to any third party regarding any of Defendant's Spezyme® Ethyl products that are or were manufactured, offered for testing, offered for sale or sold in the United States, including but not limited to Spezyme® Ethyl.

**REQUEST NO. 37:**

All documents and things related to Defendant's decision to conceive, design, develop, commercialize, manufacture, use, offer for sale or sell any alpha-amylase product(s) for use in a fuel ethanol and/or food grade application.

**REQUEST NO. 38:**

All documents and things related to any alpha-amylase product(s) manufactured by Defendant for use in a fuel ethanol and/or food grade application.

**REQUEST NO. 39:**

All documents and things relating to any tests performed on any of Defendant's Spezyme® Ethyl products that are or were manufactured, offered for testing, offered for sale or sold in the United States.

**REQUEST NO. 40:**

All documents relating to statements in Genencor's press release entitled "Genencor to Defend Ethanol Patent Suit" and dated March 28, 2005, including but not limited to the statements that (1) Genencor "fully [expects that it] will prevail before the court and demonstrate that Novozymes' allegations are baseless"; (2) "SPEZYME® Ethyl, [is] a

- 13 -

high performance alpha-amylase enzyme"; and (3) "SPEZYME Ethyl is a thermostable alpha-amylase for the liquefaction of starch at high temperatures. The enzyme is a key ingredient for ethanol processing".

**REQUEST NO. 41:**

All correspondence (including without limitation any e-mail correspondence) with any of Defendant's customers or potential customers regarding any of Defendant's Spezyme® Ethyl products that are or were manufactured, offered for testing, offered for sale or sold in the United States.

**REQUEST NO. 42:**

All documents and things related to published articles or advertisements that describe or otherwise mention any of Defendant's Spezyme® Ethyl products that are or were manufactured, offered for testing, offered for sale or sold in the United States.

**REQUEST NO. 43:**

All documents and things relating to any acts or steps taken by Defendant to avoid infringing the '031 patent.

**REQUEST NO. 44:**

All documents and things referring or relating to any offers for sale or sales of any of Defendant's Spezyme® Ethyl Product in the United States, including but not limited to all price quotations, price lists, pricing sheets, discount schedules, sales call reports, potential-

customer lists, customer lists, potential-customer files, customer files, contracts for sale, agreements to sell, and invoices.

**REQUEST NO. 45:**

All training manuals for all employees involved in sales or offers for sale of any of Defendant's Spezyme® Ethyl Product that are or were manufactured, offered for testing, offered for sale or sold in the United States, including but not limited to training manuals for all employees, agents, representatives or distributors who sell/have sold or offer/have offered for sale Spezyme® Ethyl for or on behalf of Defendant.

**REQUEST NO. 46:**

All documents and things constituting or relating to any communication between Defendant and any third party, including but not limited to an actual or potential customer, discussing any feature, function, capability, aspect, advantage, disadvantage, benefit, performance or malfunction of any of Defendant's Spezyme® Ethyl Product that are and/or were manufactured, offered for testing, offered for sale or sold in the United States. Documents responsive to this request should include, at a minimum, all correspondence (documented in any form such as by e-mail, notes from a telephone conversation, letter, etc.) between Defendant and customers or potential customers of Spezyme® Ethyl related to any feature, function, capability, aspect, advantage, disadvantage, benefit, performance or drawback of Spezyme® Ethyl or its use.

**REQUEST NO. 47:**

All documents and things relating to any comparison, analysis or study of any feature, function, capability, aspect, advantage, disadvantage, benefit, performance, malfunction, flaw or defect of any of Defendant's Spezyme® Ethyl Product that are and/or were manufactured, offered for testing, offered for sale or sold in the United States.

**REQUEST NO. 48:**

All documents and things relating to the market(s) for alpha-amylase enzymes for fuel ethanol and/or food grade applications in the United States. Documents responsive to this Request should include, at a minimum, documents showing the market shares and customer demand for any alpha-amylase product, including Spezyme® Ethyl in the United States.

**REQUEST NO. 49:**

All documents and things relating to the market(s) for any and all products competing with a Spezyme® Ethyl Product in the United States.

**REQUEST NO. 50:**

All documents and things relating to bids and quotations made, and prices charged, for any of Defendant's Spezyme® Ethyl Product that are or were sold, offered for sale, used, tested, or manufactured in the United States.

**REQUEST NO. 51:**

All planning and strategy documents relating to the research, development, testing, financing, marketing, or sale of any of Defendant's Spezyme® Ethyl Product in the United States.

**REQUEST NO. 52:**

Documents sufficient to show Defendant's monthly or quarterly revenues derived from sales of each of Defendant's Spezyme® Ethyl Product in the United States.

**REQUEST NO. 53:**

Documents sufficient to show Defendant's monthly, quarterly and annual profits, gross and net, along with the data upon which such profits have been calculated, resulting from the sale of any of Defendant's Spezyme® Ethyl Product that are or were sold, offered for sale, used, tested, or manufactured in the United States.

**REQUEST NO. 54:**

Documents sufficient to show the costs incurred in the research and development of any of Defendant's Spezyme® Ethyl Product that are or were sold, offered for sale, used, tested, or manufactured for use in the United States.

**REQUEST NO. 55:**

All annual and quarterly reports, financial statements, whether audited or unaudited, and prospectuses relating to Defendant covering the period beginning January 1, 2002, to the present.

**REQUEST NO. 56:**

All documents and things relating to Defendant's policies, procedures, customs or practices involving the intellectual property rights of others.

**REQUEST NO. 57:**

All documents and things provided to any expert who has been retained or will be retained by Defendant to provide testimony (whether by affidavit, declaration, deposition, report, disclosure, or live in court) in the Lawsuit.

**REQUEST NO. 58:**

All documents evidencing or referring to the factual basis for Defendant's allegation that Defendant is not infringing any claim in the '031 patent.

**REQUEST NO. 59:**

All documents Defendant intends to rely on at trial to support its contention that it is not infringing any claim in the '031 patent.

**REQUEST NO. 60:**

All documents and things that Defendant will seek to offer into evidence at trial.

NOVOZYMES A/S

Dated:    July 1, 2005

Richard H. Morse (No. 531)
Josy W. Ingersoll (No. 1088)
Karen E. Keller (No. 4489)
**YOUNG CONAWAY STARGATT &
TAYLOR, LLP**
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600

Joseph R. Robinson
Steven E. Lipman
Robert C. Sullivan, Jr.
Samuel S. Woodley
**DARBY & DARBY P.C.**
805 Third Avenue
New York, New York 10022
(212) 527-7700

*Attorneys for Plaintiff*
*Novozymes A/S*

- 19 -

## CERTIFICATE OF SERVICE

I, Robert C. Sullivan, Jr., hereby certify that on July 1, 2005, I caused to be served a true

and correct copy of the foregoing document to the following counsel of record:

**BY ELECTRONIC MAIL**

Donald E. Reid, Esquire
Morris Nichols Arsht & Tunnell
1201 North Market Street
PO Box 1347
Wilmington, DE  19899-1347

Tharan Lanier, Esquire
JONES DAY
2882 Sand Hill Road, Suite 240
Menlo Park, CA 94025


DARBY & DARBY P.C.


Robert C. Sullivan, Jr.
805 Third Avenue
New York, New York 10022
(212) 527-7700

*Attorneys for Novozymes A/S*

# EXHIBIT D



Jane L Froyd/JonesDay
Extension 33937
06/07/2006 02:24 PM

To  "Sullivan, Robert" <rsullivan@Darbylaw.com>, "Hykal, George E." <ghykal@Darbylaw.com>
cc  Greg Lanier/JonesDay@JonesDay
bcc  Lori Murray/JonesDay
Subject  Updating Document Requests

Rob and George,

We served a second set of document requests and a third set of interrogatories on Novozymes today relevant to the issue of damages.  In addition to responding to these discovery requests, we ask that you promptly update your responses to the following, previous document requests, all of which concern the issue of damages.

**Request No. 1:**  All documents that refer or relate to sales by month of Liquozyme and Termamyl.

**Request No. 2:**  All profit and loss statements reflecting gross sales, deductions from gross sales to arrive at net sales, and all costs and expenses (whether fixed, variable, direct or indirect) deducted from net sales to arrive at operating profits or losses for Liquozyme and Termamyl.

**Request No. 3:**  All documents that refer or relate to market share with respect to Liquozyme and Termamyl.

**Request No. 4:**  All documents that refer or relate to pricing policies, strategies and/or practices of Novozymes with respect to Liquozyme and Termamyl.

**Request No. 5:**  Annual budgets, financial projections and/or forecasts relating to revenues, costs, sales volume, and/or profits for Liquozyme and Teramyl.

**Request No. 6:**  All business plans, sales plans, and marketing plans related to Liquozyme and Termamyl.

**Request No. 7:**  All documents that refer or relate to products, and/or competitors that manufacture products, that compete in the market with Liquozyme and Termamyl.

**Request No. 8:**  All documents that refer or relate to factors considered by customers when purchasing Liquozyme and Termamyl.

**Request No. 9:**  All documents that refer or relate to any forecasts, studies and/or valuations of any kind relating to the present or net present value from operations, internal rate of return and/or any other forecast, valuation or study that refers or relates to the value to be derived by Novozymes from future sales of any one or more of Liquozyme and Termamyl.

**Request No. 24:**  All documents relating to any license or offer to license of the patent-in-suit related to the alleged invention of the '031 patent.

**Request No. 25:**  All documents relating to any offer by you to assign or sell any interest in the patent-in-suit.

We look forward to receiving your updated responses.

Regards,

Jane

_____

Jane L. Froyd
JONES DAY
2882 Sand Hill Road, Suite 240
Menlo Park, CA 94025
650.739.3937 (Direct)
650.739.3900 (Fax)
jfroyd@jonesday.com

==========
This e-mail (including any attachments) may contain information that is private, confidential, or protected
by attorney-client or other privilege.  If you received this e-mail in error, please delete it from your system
without copying it and notify sender by reply e-mail, so that our records can be corrected.
==========

# EXHIBIT E

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NOVOZYMES A/S, | |
| Plaintiff, | |
| v. | C.A. No. 05-160-KAJ |
| GENENCOR INTERNATIONAL, INC. and ENZYME DEVELOPMENT CORPORATION, | |
| Defendants. | |

## DEFENDANTS' FIRST REQUEST
## FOR THE PRODUCTION OF DOCUMENTS
## AND THINGS TO PLAINTIFF NOVOZYMES A/S

Defendants Genencor International, Inc. ("Genencor") and Enzyme Development Corporation ("EDC") (collectively "Defendants"), by their undersigned counsel, and pursuant to Rule 34 of the Federal Rules of Civil Procedure and the Court's scheduling orders, request the production for inspection and copying of the following documents and things from plaintiff Novozymes A/S ("Novozymes"), on or by July 15, 2005, said documents to be produced at the offices of Jones Day, 2882 Sand Hill Road, Menlo Park, CA 94025, or at such other place as may mutually be agreed upon by counsel herein.

Novozymes is also requested to separately respond in writing, by July 15, 2005, to each request set out herein, specifically identifying in said response as to which requests documents are being produced or identified in privileged document schedules, as provided for in Fed. R. Civ. P. 26(b)(5) (which schedules should be provided with Novozymes' written responses).

MPI-26800v1

## DEFINITIONS OF TERMS AND INSTRUCTIONS

The following definitions and instructions are applicable to these requests for production:

1.      "Document" shall be understood to have the broadest meaning recognized under Fed. R. Civ. P. Rule 34, and shall include data retrievable from electronic storage media (see Fed. R. Civ. P. Rule 34(a) and 1970 Committee Notes).

2.      "Thing" shall be understood to have the broadest meaning recognized under Fed. R. Civ. P. Rule 34.

3.      "Person" shall mean any natural person or any business, legal, or governmental entity or association.

4.      "Novozymes" shall mean Novozymes A/S and any of its subsidiaries, affiliates, predecessors, successors, and assignees, and the officers, directors, employees, representatives, and partners of any of the aforementioned organizations.

5.      The "patent-in-suit" shall mean United States Patent No. 6,867,031 ("the '031 patent").

6.      "USPTO" shall mean United States Patent and Trademark Office.

7.      "Include" and "including" shall be construed to mean "without limitation," so as to acquire the broadest meaning possible.

8.      "Referring to" or "refer to" or "referring to or relating to" or "refer or relate to" shall mean comprising, consisting of, referring to, reflecting, discussing, reporting, constituting, disclosing, relating to, pertaining to and/or regarding.

9.      "Communication" shall mean any transmission of information by one or more persons and/or between two or more persons by any means including telephone

conversations, letters, telegrams, teletypes, telexes, telecopies, electronic mail, other computer linkups, written memoranda, and face-to-face conversations.

10. "And" and "or" shall be construed conjunctively and disjunctively so as to acquire the broadest meaning possible.

11. "Any" and "all" shall each be construed to mean "each and every," so as to acquire the broadest meaning possible.

12. Any document called for herein which Novozymes claims to be privileged or protected against discovery on any grounds, including 35 U.S.C. § 122, shall be identified by giving:

    a. a description of the general type of document, i.e., letter, internal memorandum, report, miscellaneous note, etc.;

    b. the date;

    c. the author;

    d. all addressees or recipients;

    e. all other distributees;

    f. the organization, if any, with which the author was then connected;

    g. the organization, if any, with which each addressee, recipient, or distributee was then connected;

    h. the grounds for refusing to produce the document; and

    i. a description of the document's content that is sufficiently detailed to allow an assessment of the adequacy of the grounds for refusing to produce the document.

13. If a claim is made that a portion of a document is privileged or protected against discovery on any grounds, including 35 U.S.C. § 122, the document shall be produced

with the material being withheld redacted. The redactions shall be clearly indicated on the face of the document, and the document shall be listed in accordance with ¶ 7, above.

14.    No document or information shall be withheld on the asserted grounds that such document or information therein is not reasonably calculated to lead to the discovery of admissible evidence unless (i) the burden of responding is fully described and (ii) persons familiar with the document or information requested are identified.

15.    You are reminded of the obligation to timely supplement responses under Fed. R. Civ. P. 26(e).

## PRODUCTION REQUESTS

### REQUEST NO. 1:

All documents that refer or relate to sales by month (and if no monthly documents are available, then on the next longer temporal basis) of Liquozyme and Termamyl.

### RESPONSE:


### REQUEST NO. 2:

All profit and loss statements reflecting gross sales, deductions from gross sales to arrive at net sales, and all costs and expenses (whether fixed, variable, direct or indirect) deducted from net sales to arrive at operating profits or losses for Liquozyme and Termamyl.

### RESPONSE:


### REQUEST NO. 3:

All documents that refer or relate to market share with respect to Liquozyme and Termamyl.

**RESPONSE:**


**REQUEST NO. 4:**

      All documents that refer or relate to pricing policies, strategies and/or practices of Novozymes with respect to Liquozyme and Termamyl.

**RESPONSE:**


**REQUEST NO. 5:**

      Annual budgets, financial projections and/or forecasts relating to revenues, costs, sales volume, and/or profits for Liquozyme and Termamyl.

**RESPONSE:**


**REQUEST NO. 6:**

      All business plans, sales plans, and marketing plans related to Liquozyme and Termamyl.

**RESPONSE:**


**REQUEST NO. 7:**

      All documents that refer or relate to products, and/or competitors that manufacture products, that compete in the market with Liquozyme and Termamyl.

**RESPONSE:**

**REQUEST NO. 8:**

All documents that refer or relate to factors considered by customers when purchasing Liquozyme and Termamyl.

**RESPONSE:**


**REQUEST NO. 9:**

All documents that refer or relate to any forecasts, studies and/or valuations of any kind relating to the present or net present value from operations, internal rate of return and/or any other forecast, valuation or study that refers or relates to the value to be derived by Novozymes from future sales of any one or more of Liquozyme and Termamyl.

**RESPONSE:**


**REQUEST NO. 10:**

All non-privileged documents referring or relating to any search, investigation, analysis, review, opinion or study relating to the scope, novelty, obviousness, patentability, validity, enforceability and/or infringement of any claim of the patent-in-suit, including, without limitation, any reference(s) identified or uncovered in such search, investigation, analysis, review, opinion or study (whether or not such reference(s) constitutes "prior art").

**RESPONSE:**

**REQUEST NO. 11:**

All documents that refer or relate to alleged prior art (including, but not limited to, any alleged prior art references, uses, sales, offers for sale, prior invention, or knowledge) with respect to the patent-in-suit.

**RESPONSE:**


**REQUEST NO. 12:**

All documents relating to experiments performed by anyone at Novozymes, any agents for Novozymes or on behalf of Novozymes on a Bacillus or Geobacillus alpha-amylase with or without a deletion of the amino acids corresponding to amino acids 179 and 180 using for numbering SEQ ID NO. 3 of the sequence listing or Sequence 3 of Fig. 1 of the '031 patent.

**RESPONSE:**


**REQUEST NO. 13:**

All documents relating to the infringement of any claim of the '031 patent of any of Genencor's products, including but not limited to any investigation, analysis, review or study relating thereto.

**RESPONSE:**


**REQUEST NO. 14:**

All documents relating to the Declaration of Torben V. Borchert Under 37 C.F.R. 1.132 dated September 6, 2004 ("Borchert Declaration") and submitted to the USPTO in connection with the prosecution of the '031 patent, including but not limited to, drafts,

experimental protocols for the experiments presented in the Declaration, notes, correspondence relating to the preparation of the declaration.

**RESPONSE:**


**REQUEST NO. 15:**

All documents relating to experiments similar or related to the experiment discussed in the Borchert Declaration.

**RESPONSE:**


**REQUEST NO. 16:**

All non-privileged documents relating to the litigation between Novozymes and Enzyme Bio-Systems Ltd. and Enzyme Development Corporation in the United States District Court for the District of Delaware (Civ. Act. No. 01-804-JJF).

**RESPONSE:**


**REQUEST NO. 17:**

All documents relating to the declarations submitted with Novozymes' motion for preliminary injunction, including but not limited to all communications with the expert declarants related to the subjects of their testimony; all testing, analysis and experiments referenced; and all drafts of the expert declarations.

**RESPONSE:**

**REQUEST NO. 18:**

All documents and/or things identified or relied upon in response to Defendants'
First Set of Interrogatories served herewith.

**RESPONSE:**


**REQUEST NO. 19:**

All non-privileged documents relating to the prosecution of the patent-in-suit and
foreign counterparts thereof.

**RESPONSE:**


**REQUEST NO. 20:**

All non-privileged documents and things relating to any communications,
meetings or telephone conferences, including interviews, with the USPTO regarding the patent-
in-suit.

**RESPONSE:**


**REQUEST NO. 21:**

For claims 1 and 3 of the patent-in-suit, all documents relating to the first offer for
sale of any product that falls within those claims.

**RESPONSE:**

**REQUEST NO. 22:**

For claims 1 and 3 of the patent-in-suit, all documents relating to the first public use of any product or device that falls within those claims.

**RESPONSE:**


**REQUEST NO. 23:**

All lab notebooks of each inventor named on the patent-in-suit related to the alleged invention of the '031 patent.

**RESPONSE:**


**REQUEST NO. 24:**

All documents relating to any license or offer to license of the patent-in-suit related to the alleged invention of the '031 patent.

**RESPONSE:**


**REQUEST NO. 25:**

All documents relating to any offer by you to assign or sell any interest in the patent-in-suit.

**RESPONSE:**


**REQUEST NO. 26:**

Your document retention and/or destruction policies.

**RESPONSE:**

**REQUEST NO. 27:**

All documents relating to the culture designated ATCC 31,195.

**RESPONSE:**


**REQUEST NO. 28:**

All documents provided by you to or received from any expert retained by you

who provided testimony in connection with the preliminary injunction motion.

**RESPONSE:**


MORRIS, NICHOLS, ARSHT & TUNNELL


OF COUNSEL:

JONES DAY
Kenneth R. Adamo (*Pro Hac Vice*)
Tharan Gregory Lanier (*Pro Hac Vice*)
Thomas E. Friebel (*Pro Hac Vice*)
2882 Sand Hill Road, Suite 240
Menlo Park, CA 94025


Dated: July 1, 2005

Donald E. Reid, State Bar No. 1058
Jason A. Cincilla (Del. Bar No. 4232)
1201 North Market Street
18th Floor
Wilmington, DE 19899-1347
Telephone:    (302) 658-9200
Facsimile:    (302) 658-3989
  Attorneys for Defendants
  Genencor International, Inc. and
  Enzyme Development Corporation

## CERTIFICATE OF SERVICE

I, Donald E. Reid, hereby certify that on the 1st day of July, 2005, copies of Defendants' First Request For The Production Of Documents And Things To Plaintiff Novozymes A/S were served upon the following counsel:

### BY E-Mail

Karen Keller, Esquire
Young Conaway Stargatt & Taylor LLp
1000 West Street
Wilmington, DE 19801

### BY FEDERAL EXPRESS

Steven E. Lipman, Esquire
Darby & Darby P.C.
805 Third Avenue
New York, NY 10022

Donald E. Reid (#1058)