# EXHIBIT F

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| NOVOZYMES A/S, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 05-160-KAJ |
| | ) | |
| GENENCOR INTERNATIONAL, INC. and | ) | |
| ENZYME DEVELOPMENT CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' SECOND REQUEST FOR THE PRODUCTION OF DOCUMENTS AND THINGS TO PLAINTIFF NOVOZYMES A/S

Defendants Genencor International, Inc. ("Genencor") and Enzyme Development Corporation ("EDC") (collectively "Defendants"), by their undersigned counsel, and pursuant to Rule 34 of the Federal Rules of Civil Procedure ("FRCP") and the Court's scheduling orders, request the production for inspection and copying of the following documents and things from plaintiff Novozymes A/S ("Novozymes"), on or by July 7, 2006, said documents to be produced at the offices of Jones Day, 2882 Sand Hill Road, Menlo Park, CA 94025, or at such other place as may mutually be agreed upon by counsel herein.

Defendants also request that Novozymes separately respond in writing, by July 7, 2006, specifically identifying each request for which Novozymes is producing or identifying documents in privileged document schedules, as provided for in FRCP 26(b)(5) (which schedules should be provided with Novozymes' written responses).

## DEFINITIONS OF TERMS AND INSTRUCTIONS

The Definitions of Terms and Instructions set forth in Defendants' First Set of Interrogatories to Plaintiff Novozymes A/S and in Defendants' First Request for the Production of Documents and Things to Plaintiff Novozymes A/S are incorporated herein by reference.

## PRODUCTION REQUESTS

**REQUEST NO. 29:**

All documents and things that refer or relate to any and all licenses entered into or proposed regarding any Novozymes' industrial enzyme, during the period of January 1, 2000 to the present, including without limitation license agreements and documents concerning the negotiations for these license agreements.

**RESPONSE:**


**REQUEST NO. 30:**

Documents sufficient to show Novozymes' practices and policies concerning patent licensing.

**RESPONSE:**


**REQUEST NO. 31:**

All documents and things that refer or relate to any alleged, supposed, or actual reasonable royalty for the alleged use made of the alleged invention of the '031 Patent by or for Genencor.

**RESPONSE:**

2

**REQUEST NO. 32:**

All documents and things that refer or relate to the alleged, supposed, or actual profits Novozymes has lost as a consequence of Genencor's alleged infringement of the '031 Patent.

**RESPONSE:**


**REQUEST NO. 33:**

All documents and things that refer or relate to any erosion in price alleged or believed to have been experienced by Novozymes as a consequence of Genencor's alleged infringement of the '031 Patent.

**RESPONSE:**


**REQUEST NO. 34:**

All documents and things that refer or relate to any increase in expenses alleged or believed to have been experienced by Novozymes as a consequence of Genencor's alleged infringement of the '031 Patent.

**RESPONSE:**


**REQUEST NO. 35:**

Documents sufficient to show the computation methodology employed by Novozymes to establish the alleged, supposed, or actual profits Novozymes has lost or will lose as a consequence of Genencor's alleged infringement of the '031 Patent.

**RESPONSE:**

**REQUEST NO. 36:**

Documents sufficient to show Novozymes' monthly and annual sales, in dollars and kilograms, of Liquozyme SC and Termamyl, including information on how any rebates and/or discounts are reflected or not reflected in the sales data.

**RESPONSE:**


**REQUEST NO. 37:**

Documents sufficient to show Novozymes' costs (both fixed and variable) for producing Liquozyme SC and Termamyl from January 1, 2000 through the present.

**RESPONSE:**


**REQUEST NO. 38:**

Documents sufficient to show Novozymes' gross and net margins on Liquozyme SC and Termamyl from January 1, 2000 through the present.

**RESPONSE:**


**REQUEST NO. 39:**

Documents sufficient to show Novozymes' policies and practices concerning rebates and discounts offered in connection with its sales of Liquozyme SC and Termamyl.

**RESPONSE:**


**REQUEST NO. 40:**

All documents and things that refer or relate to pricing and volume trends in any market in which Liquozyme SC and Termamyl are sold.

4

**RESPONSE:**


**REQUEST NO. 41:**

All documents and things that refer or relate to whether Novozymes would have made all or a portion of Genencor's sales contended or believed to infringe the '031 Patent.

**RESPONSE:**


**REQUEST NO. 42:**

Documents sufficient to show the demand in the fuel ethanol market for products using or embodying the alleged invention of the '031 Patent, from March 15, 2005 through the present.

**RESPONSE:**


**REQUEST NO. 43:**

Documents sufficient to show the manufacturing capacity (in terms of facilities and personnel) of Novozymes to meet the demand for alpha-amylase products in the fuel ethanol market, from January 1, 2000 through the present.

**RESPONSE:**


**REQUEST NO. 44:**

Documents sufficient to show the absence of any acceptable non-infringing substitutes in the fuel ethanol market, from March 15, 2005 through the present.

**RESPONSE:**

5

**REQUEST NO. 45:**

All reports and market studies of the fuel ethanol market.

**RESPONSE:**

**REQUEST NO. 46:**

Documents sufficient to show Novozymes' internal estimates of its reputation and/or good will.

**RESPONSE:**

**REQUEST NO. 47:**

All customer call reports concerning Liquozyme SC and Termamyl from January 1, 2004 through the present.

**RESPONSE:**

**REQUEST NO. 48:**

All documents and things that refer or relate to the alleged or contended diversion of sales from Novozymes to Genencor as a consequence of Genencor's alleged infringement of the '031 Patent, including alleged convoyed sales of glucoamylase products.

**RESPONSE:**

**REQUEST NO. 49:**

Documents sufficient to show Novozymes' monthly and annual sales, in dollars and kilograms, of Spirizyme Fuel, from January 1, 2000 to the present, including information on how any rebates and/or discounts are reflected or not reflected in the sales data.

**RESPONSE:**


**REQUEST NO. 50:**

Documents sufficient to show Novozymes' costs (both fixed and variable) for producing Spirizyme Fuel from January 1, 2000 through the present.

**RESPONSE:**


**REQUEST NO. 51:**

All profit and loss statements reflecting gross sales, deductions from gross sales to arrive at net sales, and all costs and expenses (whether fixed, variable, direct or indirect) deducted from net sales to arrive at operating profits or losses for Spirizyme Fuel.

**RESPONSE:**


**REQUEST NO. 52:**

Documents sufficient to show Novozymes' gross and net margins on Spirizyme Fuel from January 1, 2000 through the present.

**RESPONSE:**


**REQUEST NO. 53:**

Documents sufficient to show Novozymes' policies and practices concerning rebates and discounts offered in connection with its sales of Spirizyme Fuel.

**RESPONSE:**

7

**REQUEST NO. 54:**

All documents that refer or relate to market share with respect to Spirizyme Fuel.

**RESPONSE:**


**REQUEST NO. 55:**

All documents that refer or relate to pricing policies, strategies, and/or practices of Novozymes with respect to Spirizyme Fuel.

**RESPONSE:**


**REQUEST NO. 56:**

Annual budgets, financial projections and/or forecasts relating to revenues, costs, sales volume, and/or profits for Spirizyme Fuel.

**RESPONSE:**


**REQUEST NO. 57:**

All business plans, sales plans, and marketing plans relating to Spirizyme Fuel.

**RESPONSE:**


**REQUEST NO. 58:**

All documents that refer or relate to factors considered by customers when purchasing Spirizyme Fuel.

**RESPONSE:**

**REQUEST NO. 59:**

All customer call reports concerning Spirizyme Fuel from January 1, 2004 through the present.

**RESPONSE:**

**REQUEST NO. 60:**

All documents and things that refer or relate to pricing and volume trends in any market in which Spirizyme Fuel is sold.

**RESPONSE:**

**REQUEST NO. 61:**

All documents and things that refer or relate to Novozymes' allegations of willful infringement by Genencor of the '031 Patent.

**RESPONSE:**

OF COUNSEL:

JONES DAY
Kenneth R. Adamo
Tharan Gregory Lanier
Jane L. Froyd
2882 Sand Hill Road, Suite 240
Menlo Park, CA 94025

Thomas E. Friebel
Margaret B. Brivanlou
222 East 41st Street
New York, NY 10017-6702

June 7, 2006

MORRIS, NICHOLS, ARSHT & TUNNELL

_Donald E. Reid_

Donald E. Reid (#1058)
Jason A. Cincilla (#4232)
1201 North Market Street, 18th Floor
Wilmington, DE 19899-1347
Telephone: 302.658.9200
Facsimile: 302.658.3989
    Attorneys for Defendants
    Genencor International, Inc. and
    Enzyme Development Corporation

9

## CERTIFICATE OF SERVICE

I, Donald E. Reid, hereby certify that on the 7th day of June, 2006 Defendants'
Second Request For The Production Of Documents And Things To Plaintiff Novozymes A/S
was served by electronic filing upon counsel of record:

> Andrew A. Lundgren, Esquire (alundgren@ycst.com)
> Young Conaway Stargatt & Taylor LLP
> 1000 West Street
> Wilmington, DE 19801
>
> Samuel S. Woodley, Esquire (swoodley@darbylaw.com)
> Robert C. Sullivan, Jr., Esquire (rsullivan@darbylaw.com)
> Darby & Darby P.C.
> 805 Third Avenue, 27th Floor
> New York, NY 10022
>
> David K. Tellekson, Esquire (dtellekson@darbylaw.com)
> Darby & Darby P.C.
> 1191 Second Avenue
> Seattle, WA 98101
>
> George Hykal, Esquire (ghykal@darbylaw.com)
> Darby & Darby P.C.
> 803 3rd Avenue
> New York, NY 10022

Donald E. Reid (#1058)

# EXHIBIT G

# FILED SEPARATELY UNDER SEAL

# EXHIBIT H

# FILED SEPARATELY UNDER SEAL

# EXHIBIT I

# FILED SEPARATELY UNDER SEAL

# EXHIBIT J

# FILED SEPARATELY UNDER SEAL

# EXHIBIT K

# FILED SEPARATELY UNDER SEAL

# EXHIBIT L

# FILED SEPARATELY UNDER SEAL

## CERTIFICATE OF SERVICE

I, Donald E. Reid, hereby certify that on the 18th day of August, 2006, a Declaration of Jane L. Froyd in Support Of Defendants' Opposition To Plaintiff's Motion For Leave To Modify The Scheduling Order For the Purpose Of Amending Its Complaint was served by e-filing upon counsel of record:

Andrew A. Lundgren, Esquire (alundgren@ycst.com)
Young Conaway Stargatt & Taylor LLP
1000 West Street
Wilmington, DE 19801

Samuel S. Woodley, Esquire (swoodley@darbylaw.com)
Robert C. Sullivan, Jr., Esquire (rsullivan@darbylaw.com)
Darby & Darby P.C.
805 Third Avenue, 27th Floor
New York, NY 10022

David K. Tellekson, Esquire (dtellekson@darbylaw.com)
Darby & Darby P.C.
1191 Second Avenue
Seattle, WA 98101

George Hykal, Esquire (ghykal@darbylaw.com)
Darby & Darby P.C.
803 3rd Avenue
New York, NY 10022


Donald E. Reid (#1058)