IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NOVOZYMES A/S,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GENENCOR INTERNATIONAL, INC. and<br>ENZYME DEVELOPMENT CORPORATION,<br><br>　　　　Defendants. | C.A. No. 05-160-KAJ |

**DEFENDANTS' COMPENDIUM OF UNPUBLISHED CASES CITED IN OPPOSITION
TO NOVOZYMES A/S' MOTION FOR PERMANENT INJUNCTION**

　　　　　　　　　　　　　　　　　　　　　　MORRIS, NICHOLS, ARSHT & TUNNELL
　　　　　　　　　　　　　　　　　　　　　　Donald E. Reid (#1058)
　　　　　　　　　　　　　　　　　　　　　　Jason A. Cincilla (#4232)
　　　　　　　　　　　　　　　　　　　　　　1201 North Market Street, 18th Floor
　　　　　　　　　　　　　　　　　　　　　　Wilmington, DE 19899-1347
　　　　　　　　　　　　　　　　　　　　　　Telephone:　302.658.9200
　　　　　　　　　　　　　　　　　　　　　　Facsimile:　302.658.3989

OF COUNSEL:　　　　　　　　　　　　　　　Attorneys for Defendants
　　　　　　　　　　　　　　　　　　　　　　Genencor International, Inc. and
JONES DAY　　　　　　　　　　　　　　　　Enzyme Development Corporation

Kenneth R. Adamo
Tharan Gregory Lanier
Jane L. Froyd
2882 Sand Hill Road, Suite 240
Menlo Park, CA 94025
Telephone:　650.739.3939
Facsimile:　650.739.3900

Thomas E. Friebel
Margaret B. Brivanlou
222 East 41st Street
New York, NY 10017-6702
Telephone:　212.326.3939
Facsimile:　212.755.7306

September 18, 2006

MPI-39697v1

| **Case** | **Tab** |
|---|---|
| *Christiana Indus. Inc. v. Empire Electronics, Inc.*,...................................<br>No. 06-12568, 2006 U.S. Dist. Lexis 54210 (E.D. Mich. Aug. 4, 2006) | 1 |
| *CytoLogix Corp. v. Ventana Med. Sys., Inc.*,.........................................<br>Nos. 04-1446, 04-1450, 122 Fed. Appx. 502 (Fed. Cir. 2005) | 2 |
| *Finisar Corp. v. DirecTV Group, Inc.*,................................................<br>Civ. Act. No. 1:05-CV-00264 (E.D. Tex. July 6, 2006)<br>July 6, 2006 Transcript of Hearing | 3 |
| *Finisar Corp. v. DirecTV Group, Inc.*,................................................<br>Civ. Act. No. 1:05-CV-00264 (E.D. Tex. July 6, 2006)<br>July 7, 2006 Final Judgment | 4 |
| *International Rectifier Corp. v. IXYS Corp.*,........................................<br>No. 06-1296, 2006 WL 2036676 (Fed. Cir. July 14, 2006) | 5 |
| *Litecubes, L.L.C. v. Northern Light Prods.*,.........................................<br>No. 4:04CV00485 ERW, 2006 U.S. Dist. Lexis 60575 (E.D. Mo. Aug. 25, 2006) | 6 |
| *Paice LLC v. Toyota Motor Corp.*,....................................................<br>No. 2:04-CV-211-DF, 2006 WL 2385139 (E.D. Tex. Aug. 16, 2006) | 7 |
| *Tivo Inc. v. Echostar Commc'ns Corp.*,..............................................<br>No. 2:04-CV-1-DF, 2006 U.S. Dist. Lexis 64290 (E.D. Tex. Aug. 17, 2006) | 8 |
| *Voda v. Cordis Corp.*,....................................................................<br>No. CIV-03-1512-L, 2006 WL 2570614 (W.D. Okla., Sept. 5, 2006) | 9 |
| *Wald v. Mudhopper Oilfield Servs.*,..................................................<br>No. CIV-04-1693-C, 2006 WL 2128835 (W.D. Okla. July 27, 2006) | 10 |

# TAB 1

LEXSEE 2006 U.S. DIST. LEXIS 54210

CHRISTIANA INDUSTRIES INC., Plaintiff, vs EMPIRE ELECTRONICS, INC., Defendant.

Case No: 06-12568

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN, SOUTHERN DIVISION

*2006 U.S. Dist. LEXIS 54210*

August 4, 2006, Decided
August 4, 2006, Filed

**PRIOR HISTORY:** *Christiana Indus. v. Empire Elecs., 2006 U.S. Dist. LEXIS 50607 ( E.D. Mich., July 25, 2006)*

**COUNSEL:** [*1] For Christiana Industries, Incorporated, Plaintiff: David K. Callahan Chicago, IL; Jordan S. Bolton, Clark Hill (Detroit), Detroit, MI; Matthew J. Shiels, Kirkland & Ellis (Chicago), Chicago, IL; Ronald A. King, Clark Hill (Detroit), Detroit, MI.

For Empire Electronics, Incorporated, Defendant: Daniel D. Quick, Dickinson Wright (Bloomfield Hills), Bloomfield Hills, MI; Douglas W. Sprinkle, Gifford, Krass, (Troy), Troy, MI; Robert L. Kelly, Dickinson Wright (Bloomfield Hills), Bloomfield Hills, MI.

For Christiana Industries, Incorporated, Counter Defendant: Jordan S. Bolton, Clark Hill (Detroit), Detroit, MI.

**JUDGES:** Honorable Victoria A. Roberts, United States District Judge.

**OPINIONBY:** Victoria A. Roberts

**OPINION:**

### OPINION AND ORDER

### I. INTRODUCTION

This matter is before the Court on Defendant's Emergency Motion for reconsideration of the Court's Order granting a preliminary injunction and Emergency Motion to amend or correct the Order granting a preliminary injunction. For the following reasons, the Court: (1) **DENIES** Defendant's Motion for reconsideration; and (2) **GRANTS** its Motion to Amend the Order.

### II. BACKGROUND

This action arise out of [*2] the alleged infringement by Defendant of Plaintiff's patent for potted lamp sockets.

The underlying facts are fully set forth in this Court's Opinion and Order granting preliminary injunction entered July 25, 2006 [Doc. 15].

On August 2, 2006, Defendant filed an Emergency Motion for reconsideration of the preliminary injunction. It claimed that the Court misapplied prosecution history estoppel and the doctrine of equivalents test in light of *Warner-Jenkinson Company, Inc. v. Hilton Davis Chemical Company, 520 U.S. 17, 117 S. Ct. 1040, 137 L. Ed. 2d 146 (1997)*, which held that when an amendment is added during prosecution, there is a presumption that prosecution history estoppel applies. Additionally, Defendant directs the Court to a recent Supreme Court case that it claims eliminates the presumption of irreparable harm after a showing of patent validity and infringement. Lastly, Defendant claims the Court did not adequately weigh the public interest because it contends Plaintiff is not a certified supplier to General Motors ("GM"). If the injunction is in effect, Defendant asserts GM may have to halt production because it would not be able to obtain lamp sockets from a certified [*3] supplier.

Defendant also filed an Emergency Motion to amend or correct the preliminary injunction Order. Defendant claims the language of the Order is too broad and the bond amount is inadequate.

### III. STANDARD OF REVIEW

(g) Motions for Rehearing or Reconsideration.

* * *

(3) Grounds. Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. LR 7.1(g).

## IV. APPLICABLE LAW AND ANALYSIS

### A. Prosecution History Estoppel

Defendant's first allegation of palpable defect is that the Court misapplied prosecution history estoppel. Specifically, it argues that Plaintiff's addition of the "substantially perpendicular" language to claim 8 (later claim 3), is presumed to be a narrowing amendment. Thus, according to Defendant, because Plaintiff did not offer a reason for [*4] the amendment, the Court should presume that it was offered to narrow the claim. Under this presumption, Defendant contends the Court should not have applied the doctrine of equivalents.

Defendant is correct that *Warner-Jenkinson* held that "the burden is on the patent holder to establish the reason for an amendment required during patent prosecution." *Warner-Jenkinson, 520 U.S. at 33*. However, the Court also noted that where an explanation is established that the amendment was not related to patentability, prosecution history estoppel does not bar application of the doctrine of equivalents to that element. *Id.*

Plaintiff claimed that the amendment was not made to make the claim patentable, *i.e.* to get over prior art. Rather, it claims it was for the sake of clarity. [Transcript, p.86]. Defendant actually assisted in establishing that the 'substantially perpendicular" language was not added to make the claim patentable; it introduced several prior art patents disclosing perpendicular terminals at the hearing.

Accordingly, the Court concluded, in keeping with *Warner-Jenkinson*, that the amendment to add "substantially perpendicular" language did not [*5] invoke prosecution history estoppel. This Court properly applied the doctrine of equivalents.

### B. Irreparable Harm

Defendant asserts that in *Ebay, Inc. v. Mercexchange, LLC, 126 S. Ct. 1837, 164 L. Ed. 2d 641 (2006)*, the Supreme Court eliminated the presumption of irreparable harm for preliminary injunctions upon a showing of validity and infringement.

Plaintiff argues, and this Court agrees, that *Ebay* did not invalidate the presumption. The *Ebay* Court addressed the proper analysis for *permanent* injunctive relief. It held that courts err by categorically granting permanent injunctive relief on a showing of infringement and validity, without analyzing the traditional four factors for injunctive relief. The Court reiterated that the grant or denial of injunctive relief rests with the equitable discretion of the Court, which must consider the four factors.

This Court did precisely that in its decision that Plaintiff was entitled to a preliminary injunction.

### C. Public Interest

Defendant's argument that the Court failed to properly assess the public interest factor is unavailing. On reconsideration, Defense counsel informs the Court that a [*6] grant of injunctive relief to Plaintiff could interrupt GM's production, evidence already considered by the Court.

Additionally, Plaintiff claims the situation is not as dire as Defendant would have the Court believe. It claims, and offers an affidavit in support, that it is certified to provide several parts. [Response, Exhibit 1]. For the parts that it is not certified to provide, Plaintiff offers to license its patent to Defendant until such time as it is certified.

### D. Emergency Motion to Amend or Correct the Order

Defendant contends that the language of the Order is too broad because it enjoins the Defendant from manufacturing or selling not only the lamp sockets considered by the Court at the hearing, but also "any other product that infringes, or induces or contributes to the infringement of" the '301 patent. [Doc. 18, p.2].

The Order will be amended to enjoin Defendant only as to the lamp socket designs considered by the Court at the hearing, as defined in the Order. The additional language, quoted above, will be stricken. See *International Rectifier Corporation v. IXYS Corporation, 383 F.3d 1312, 1316-1317 (Fed. Cir. 2004)*.

Lastly, Defendant [*7] claims that the bond amount posted by Plaintiff, $ 100,000, is inadequate to protect it from potential losses. It argues that it is uncontested that it stands to lose $ 2.5 million. [Transcript, p. 74-75].

*FRCP 65(c)* provides:

> No restraining order or preliminary injunction shall issue except upon the giving of security by the applicant, in such sum as the court deems proper, for the

payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained.

Because Plaintiff does not contest the amount presented by Defendant as its potential for loss, the bond will be increased to adequately cover that amount.

## V. CONCLUSION

For the foregoing reasons, the Court: (1) **DENIES** Defendant's Emergency Motion for reconsideration of the Order granting preliminary injunction; and (2) **GRANTS** Defendant's Emergency Motion to amend or correct the Order.

**IT IS SO ORDERED.**

/s/ Victoria A. Roberts

United States District Judge

Dated: August 4, 2006

# TAB 2

Case 1:05-cv-00160-KAJ-MPT    Document 181    Filed 09/18/2006    Page 7 of 9

Westlaw.

122 Fed.Appx. 502                                                                                                Page 1
122 Fed.Appx. 502, 2005 WL 481628 (C.A.Fed.)
**(Cite as: 122 Fed.Appx. 502)**

H
Briefs and Other Related Documents

This case was not selected for publication in the Federal ReporterNOTE: Pursuant to Fed.Cir.R. 47.6, this order is not citable as precedent. It is a public record.This case was not selected for publication in the Federal Reporter.NOTE: Pursuant to Fed.Cir.R. 47.6, this order is not citable as precedent. It is public record. Please use FIND to look at the applicable circuit court rule before citing this opinion. Federal Circuit Rule 47.6. (FIND CTAF Rule 47.6.)
United States Court of Appeals,Federal Circuit.
CYTOLOGIX CORPORATION, Plaintiff-Appellee,
v.
VENTANA MEDICAL SYSTEMS, INC.,
Defendant-Appellant.
Cytologix Corporation, Plaintiff-Appellant,
v.
Ventana Medical Systems, Inc., Defendant-Appellee.
**No. 04-1446 04-1450.**

Feb. 11, 2005.

ON MOTION

Before MICHEL, Chief Judge, BRYSON and PROST, Circuit Judges.

*ORDER*

BRYSON, Circuit Judge.
**1 CytoLogix Corporation moves for clarification of the court's jurisdiction and for leave to file a supplemental brief if the court determines that it has jurisdiction over a misappropriation claim. Ventana Medical Systems, Inc. opposes. CytoLogix replies. We consider whether CytoLogix's appeal, 04-1450, should be dismissed for lack of jurisdiction.

CytoLogix sued Ventana for misappropriation of trade secrets, antitrust violations, and other state law claims in the United States District Court for the District of Massachusetts. Later, CytoLogix sued Ventana in the same district court for patent infringement. The initial district court judge assigned to the cases consolidated them for purposes of discovery only. Later, the cases were assigned to a second judge. While there was never a formal consolidation order, a jury trial was held on the patent infringement claims and the misappropriation of trade secret claim. The other nonpatent claims remain to be tried.

The jury returned a verdict of infringement, but not willful infringement, determined that the patent was not invalid, and found no misappropriation of trade secrets. The district court issued a permanent injunction against Ventana based on the finding of infringement. The district court denied all post-verdict motions, but has not entered final judgment on any matter. Ventana appealed from the entry of the injunction, seeking review of the injunction and the infringement and validity rulings. CytoLogix cross-appealed, seeking review of the nonwillfulness and misappropriation rulings.

CytoLogix seeks clarification of what issues are properly before the court. CytoLogix briefly mentions the misappropriation*503 issue at the end of its brief, but asks for leave to file a supplemental brief if the court declares that the misappropriation issue is part of these appeals.

Cytologix's confusion is understandable in view of the unusual procedural history of these cases. It is clear that Ventana has the right to appeal from the entry of the injunction against it. Because the injunction is based on the finding of infringement, that matter and validity are necessarily also before the court for review. Those issues are inextricably intertwined with the propriety of the injunction. *See Swint v. Chambers County Comm'n,* 514 U.S. 35, 51, 115 S.Ct. 1203, 131 L.Ed.2d 60 (1995).

However, other patent issues, such as the finding of nonwillfulness, and the issue of misappropriation of trade secrets are not inextricably intertwined with the injunction appeal and are not before us. In any event, it is not clear whether an appeal in the nonpatent case is properly directed to this court or the United States Court of Appeals for the First Circuit. We do not have to decide that issue at this time. Perhaps the district court will illuminate its view of the issue of whether the cases are consolidated or not during the remaining proceedings.

Because the issues of nonwillfulness and misappropriation are not before us, we dismiss CytoLogix's appeal 04-1450 and direct CytoLogix to file a corrected principal brief and Ventana to file a corrected reply brief omitting discussion of these

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

122 Fed.Appx. 502  
122 Fed.Appx. 502, 2005 WL 481628 (C.A.Fed.)  
**(Cite as: 122 Fed.Appx. 502)**

Page 2

matters.

**2 Accordingly,

IT IS ORDERED THAT:

(1) CytoLogix's motion for clarification is granted to the extent described above.

(2) CytoLogix's motion for leave to file a supplemental brief is denied.

(3) CytoLogix's appeal 04-1450 is dismissed.

(4) Each side shall bear its own costs in 04-1450.

(5) The revised official caption for 04-1446 is set forth above.

(6) A copy of this order shall be transmitted to the merits panel assigned to hear this case.

(7) CytoLogix's corrected principal brief is due within 21 days of the date of this order. Ventana's corrected reply brief is due within 14 days thereafter.

C.A.Fed.,2005.  
CytoLogix Corp. v. Ventana Medical Systems, Inc.  
122 Fed.Appx. 502, 2005 WL 481628 (C.A.Fed.)

Briefs and Other Related Documents (Back to top)

• 2005 WL 1178116 (Appellate Brief) Corrected Reply Brief for Defendant-Appellant Ventana Medical Systems (Mar. 17, 2005) Original Image of this Document (PDF)
• 2005 WL 1178115 (Appellate Brief) Corrected Brief of Plaintiff-Appeillee Cytologix Corporation (Mar. 04, 2005) Original Image of this Document (PDF)
• 2004 WL 3335260 (Appellate Brief) Brief for Defendant-Appellant Ventana Medical Systems (Aug. 30, 2004) Original Image of this Document with Appendix (PDF)
• 04-1450 (Docket) (Jun. 14, 2004)
• 04-1446 (Docket) (Jun. 09, 2004)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.