# EXHIBIT A

Case 1:05-cv-00160-KAJ-MPT    Document 192-2    Filed 10/05/2006    Page 1 of 4

NOTE: Pursuant to Fed. Cir. R. 47.6, this order is not citable as precedent. It is a public order.

# United States Court of Appeals for the Federal Circuit

2006-1574

TIVO, INC.,

Plaintiff-Appellee,

v.

ECHOSTAR COMMUNICATIONS CORPORATION, ECHOSTAR DBS CORPORATION, ECHOSTAR TECHNOLOGIES CORPORATION, ECHOSTAR LIMITED LIABILITY COMPANY, and ECHOSTAR SATELLITE LLC,

Defendants-Appellants.

ON MOTION

Before LOURIE, Circuit Judge, CLEVENGER, Senior Circuit Judge, and BRYSON, Circuit Judge.

BRYSON, Circuit Judge.

ORDER

EchoStar Communications Corporation et al. (EchoStar) move for a stay, pending appeal, of the permanent injunction entered by the United States District Court for the Eastern District of Texas. TiVo, Inc. opposes. EchoStar replies. TiVo moves to strike a portion of EchoStar's reply or, in the alternative, for leave to file a surreply. EchoStar moves for leave to respond to TiVo's motion. TiVo replies.

TiVo sued EchoStar for infringement of its patent related to hardware and software components of a digital video recorder (DVR). After a jury verdict of

infringement of the hardware and software claims, the district court entered a judgment and issued a permanent injunction. EchoStar appeals and moves for a stay, pending appeal, of the injunction.

To obtain a stay, pending appeal, a movant must establish a strong likelihood of success on the merits or, failing that, nonetheless demonstrate a substantial case on the merits provided that the harm factors militate in its favor. Hilton v. Braunskill, 481 U.S. 770, 778 (1987). In deciding whether to grant a stay, pending appeal, this court "assesses the movant's chances of success on the merits and weighs the equities as they affect the parties and the public." E. I. du Pont de Nemours & Co. v. Phillips Petroleum Co., 835 F.2d 277, 278 (Fed. Cir. 1987). See also Standard Havens Prods. v. Gencor Indus., 897 F.2d 511 (Fed. Cir. 1990).

Because EchoStar's DVR was found to infringe both the hardware and software claims, to obtain a stay of the injunction, EchoStar must show that it is likely to prevail on its arguments concerning both sets of claims. Based upon our review of the motions papers, and without prejudicing the ultimate determination of this case by the merits panel, EchoStar has met its burden of showing that there is a substantial case on the merits and that the harm factors militate in its favor. Thus, the motion for a stay is granted. Hilton, 481 U.S. at 778.

Accordingly,

IT IS ORDERED THAT:

(1)   EchoStar's motion for a stay is granted.

(2)   TiVo's motion to strike is denied. TiVo's motion for leave to file a surreply is granted.

2006-1574                                        - 2 -

(3)   EchoStar's motion for leave to file a response is granted.

FOR THE COURT

OCT - 3 2006
Date

*William C. Bryson* (signature)
William C. Bryson
Circuit Judge

cc:   Morgan Chu, Esq.
      Donald R. Dunner, Esq.

s8

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

OCT - 3 2006

JAN HORBALY
CLERK

2006-1574                              - 3 -