# REDACTED – PUBLIC VERSION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NOVOZYMES A/S,<br><br>              Plaintiff,<br>   v.<br>GENENCOR INTERNATIONAL, INC. and<br>ENZYME DEVELOPMENT CORPORATION,<br><br>              Defendants. | C.A. No. 05-160-KAJ |

## PROPOSED FINAL PRETRIAL ORDER

This matter comes before the Court pursuant to Rule 16 of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the District of Delaware, and the Rules of this Court.

**Plaintiff's Counsel:**
Josy W. Ingersoll (No. 1088)
Rolin P. Bissell (No. 4478)
Karen E. Keller (No. 4489)
Andrew A. Lundgren (No. 4429)
YOUNG CONAWAY STARGATT
& TAYLOR, LLP
The Brandywine Building
100 West Street -- 17th Floor
Wilmington, Delaware 19801
(302) 571-6600

Robert C. Sullivan, Jr. (pro hac vice)
Steve E. Lipman (pro hac vice)
George E. Hykal (pro hac vice)
DARBY & DARBY PC
805 Third Avenue
New York, New York 10022-7513
(212) 527-7700

David K. Tellekson (pro hac vice)
DARBY & DARBY PC
1191 Second Avenue
Seattle, Washington 98101
(206) 262-8900

**Defendants' Counsel:**
Donald Reid (No. 1058)
MORRIS NICHOLS ARSHT & TUNNELL
1201 N. Market Street -- P.O. Box 1347
Wilmington, Delaware 19899-1347
(302) 575-7219

Kenneth R. Adamo (pro hac vice)
JONES DAY
901 Lakeside Avenue
Cleveland, Ohio 44114-1190
(216) 586-3939

Thomas E. Friebel (pro hac vice)
Margaret B. Brivanlou (pro hac vice)
JONES DAY
222 East 41st Street
New York, New York 10017
(212) 326-3939

Tharan Gregory Lanier (pro hac vice)
Jane L. Froyd (pro hac vice)
JONES DAY
2882 Sand Hill Road -- Suite 240
Menlo Park, California 94025
(650) 739-3939

# REDACTED – PUBLIC VERSION

I.  **NATURE OF THE CASE**

This is a patent case involving United States Patent No. 6,867,031 entitled "Amylase Variants" the "'031 Patent"), which relates to a genetically engineered alpha-amylase enzyme. Such alpha-amylase enzymes are used to break down and liquefy starches in a number of industries, including the fuel ethanol industry. Plaintiff, Novozymes A/S ("Novozymes" or "Plaintiff"), has alleged that defendants Genencor International, Inc. ("Genencor") and Enzyme Development Corporation ("EDC") (jointly "Defendants") have infringed the '031 Patent, through Defendants' United States manufacture, use, offer for sale, sale, and/or import of alpha-amylase products under the tradename Spezyme® Ethyl and/or other products manufactured by Defendants that contain the same alpha-amylase. Defendants have denied infringement of the '031 Patent, and asserted that the '031 Patent is invalid and unenforceable.

The Court bifurcated this case and held a bench trial on the liability phase on March 6-9, 2006. On August 24, 2006, the Court ruled that Defendants infringed claims 1, 3, and 5 of the '031 Patent, that the '031 Patent is valid, and that the '031 Patent is enforceable  A second trial on the issues of damages, injunctive relief, and willful infringement is scheduled for October 10-12, 2006.

II.  **JURISDICTION**

A.  This is an action for both monetary damages and injunctive relief. Novozymes has asserted a claim for infringement of the '031 Patent under the Patent Act of 1952, Title 35, United States Code, § 271 *et seq.*

# REDACTED – PUBLIC VERSION

    B.     The jurisdiction of the Court is not disputed. This Court has jurisdiction pursuant to Title 28, United States Code, §§ 1331 and 1338. Venue in this District is proper under Title 28, United States Code, § 1391(b) and (c) and 1400(b).

## III.   UNCONTROVERTED FACTS

In addition to the uncontroverted facts set forth in the Final Pretrial Order filed on March 5, 2006 (D.I. # 101), the following facts should not be disputed or have been stipulated to by the parties:[1]

**Defendants' Knowledge of the Claims of the '031 Patent:**

    A.     On September 29, 2004, Novozymes sent a letter to Genencor providing a copy of the allowed claims that eventually issued in the '031 Patent on March 15, 2005.

**Defendants' Accused Products:**

    B.     Defendants began selling Spezyme® Ethyl in the United States by April of 2004.

    C.     In an August 25, 2006 press release on the Danisco web pages (http://www.danisco.com/cms/connect/corporate/media+relations/news/frontpage/investor_200_en.htm), it was announced that Spezyme® Ethyl would be voluntarily withdrawn from the market.

    D.     From March 15, 2005 through August 31, 2006, Defendants have made net sales of Spezyme® Ethyl[2] to the U.S. Ethanol Market, in an amount that has been

---

[1] Novozymes filed a motion seeking a modification of the scheduling order and leave from the Court to modify its complaint in order to add its subsidiary Novozymes North America, Inc. as a co-plaintiff. At the final pretrial conference on September 18, 2006, the Court denied Plaintiff's motion without prejudice, provided Defendants the opportunity for additional discovery at Plaintiff's expense, and gave Plaintiff the opportunity to raise the issue again at trial.

[2] The term Spezyme® Ethyl is referred to herein to encompass all of Defendants' products that contain the same alpha-amylase contained in Spezyme® Ethyl.

# REDACTED – PUBLIC VERSION

disclosed to Novozymes' outside counsel and economic expert. Those sales and related information will be updated again before trial.

**Competing Products:**

E.  Novozymes' indirect wholly owned United States subsidiary, NZNA, manufactures and sells alpha-amylase products under several variations of the tradename "Liquozyme®", including Liquozyme® SC, Liquozyme® DS, and Liquozyme® NX (collectively, the "Liquozyme Products").

F.  NZNA is presently the only manufacturer and distributor of the Liquozyme Products in the United States.

G.  Liquozyme® SC has competed with Spezyme® Ethyl in the U.S. Fuel Ethanol market since April of 2004.

H.  None of the Liquozyme Products practice the '031 Patent.

I.  Novozymes is the owner by assignment of United States Patent No. 6,297,038 ("the '038 patent") entitled "Amylase Variants," which issued on October 2, 2001.

J.  If the Defendants were enjoined from selling Spezyme® Ethyl (defined as any Genencor alpha-amylase product sold into the U.S. dry mill fuel ethanol market containing the same alpha-amylase found in Spezyme® Ethyl) as of March 15, 2005, NZNA had the manufacturing capacity to supply its Liquozyme® SC line of products to all of Defendants' customers that had been purchasing Spezyme® Ethyl. NZNA could have supplied all of the Defendants' Spezyme® Ethyl customers with its line of Liquozyme® SC products without any delay.

# REDACTED – PUBLIC VERSION

  K. Since March 15, 2005, NZNA has had sufficient resources to meet such demand without having to forego other opportunities for profit.

**The U.S. Fuel Ethanol Market:**

  L. In the U.S. Ethanol Market, alpha-amylase products are currently essentially supplied almost exclusively by two competitors, NZNA and Genencor.

  M. From March 15, 2005 through July 31, 2006, Defendants have sold alpha-amylase products to the U.S. Fuel Ethanol market, including: Spezyme® Ethyl, Spezyme® XTRA, Spezyme® Fred, Spezyme® Fred L, and Spezyme® HPA.

IV. **AGREED TO ISSUES OF LAW/EQUITY**

The parties agree that the following are the issues to be decided by the Court:

  A. Whether NZNA has standing to join this lawsuit as a co-plaintiff.

  B. Whether Novozymes is entitled to a permanent injunction under 35 U.S.C. § 283, enjoining Genencor and EDC from infringing claims 1, 3 and 5 of the '031 patent, and from using, manufacturing, marketing, selling, distributing, importing or otherwise commercializing the Spezyme® Ethyl in the United States or otherwise inducing other parties to do the same.

  C. Whether Novozymes is entitled to damages and if so, the amount of damages to be awarded under 35 U.S.C. § 284 to compensate for infringement of the '031 patent by Genencor and EDC.

  D. Whether infringement by Genencor and EDC is willful, and if so, whether enhanced damages should be awarded to Novozymes pursuant to 35 U.S.C. § 284.

**REDACTED – PUBLIC VERSION**

  E. Whether this should be considered an exceptional case under 35 U.S.C. § 285, and if so, whether Novozymes should be awarded its reasonable attorney fees.

## V. ISSUES OF FACT AND EXPECTED PROOF

  A. The facts Plaintiff contends are in issue and that Plaintiff intends to prove in support of its claims and defenses are listed in <u>Exhibit A</u>.

  B. The facts Defendants contend are in issue and that Defendants intend to prove in support of their claims and defenses are listed in <u>Exhibit B</u>.

## VI. WITNESSES (PLEASE NOTE THOSE WHO WILL TESTIFY BY DEPOSITION.)

  A. List of witnesses the Plaintiff expects to call in its case in chief, in expected order:

    1. Henrik Myer[3]

    2. Benny Loft

    3. Jeff Faller

    4. W. Douglas Crabb

    5. Richard Olofson

    6. Marianne Weile Nonboe

    7. Maurice Beto

    8. Julie L. Davis (Expert)

---

[3] Defendants object to Plaintiff calling Mr. Meyer and Mr. Loft, because Plaintiff did not timely disclose these witnesses in response to discovery and as required by FRCP 26 and the Court's scheduling orders. The Court's permission for Novozymes to raise the NZNA issue again (at its expense) was not a dispensation from the requirement of timely disclosure of witnesses on issues that were in dispute as of the filing of the original pretrial order.

**REDACTED – PUBLIC VERSION**

    B.    The Plaintiff may call as rebuttal witnesses any of those witnesses that plaintiff intends to call in its case in chief (listed as 1-6 in section A. above), any witnesses that the defendants call in their case in chief:

    C.    List of witnesses the Defendants expect to call in their case in chief, in expected order:

        1.    W. Douglas Crabb

        2.    Maurice Beto

        3.    Greg LeFebvre (by deposition)

        4.    David Teece (Expert)

    D.    Each of the parties may call such rebuttal witnesses as may be necessary, and shall provide notice by 6:30 p.m. the day before the rebuttal witness will be called.

    E.    The parties reserve the right to present additional witnesses of whom they learn during the discovery scheduled to take place after the date that this proposed final pretrial order is submitted to the Court.

    F.    The parties' deposition designations and counter-designations, and any remaining objections thereto, are set forth in <u>Exhibit C</u>. Both Plaintiff and Defendants reserve the right to present testimony from the depositions scheduled to be taken after the date that this proposed final pre-trial order is submitted to the Court.

    G.    The parties have agreed that all designations from a particular witness will be read or presented by video at the same time, in the order occurring in the deposition, with the parties' allocated time to be charged proportionate to the number of lines designated for that witness. Any deposition testimony presented by video will be allocated solely to the time of the party offering the video testimony into evidence.

**REDACTED – PUBLIC VERSION**

    H.    There are no third parties to the action.

VII.  **EXHIBITS**

    A.    The parties' joint and separate exhibits are set forth in <u>Exhibit D</u>.

    B.    The parties have stipulated to the admissibility of the sales, cost, and profit data exchanged between them through spreadsheets in electronic format. Additionally, the parties have agreed to the admissibility of reports or printouts created from these exhibits as further trial exhibits so long as (i) the data is not altered in any manner; (ii) the manipulation of the format of the data is sufficiently disclosed to the opposing party(ies); and (iii) the trial exhibits derived from these exhibits are produced to the opposing counsel no later than 2:00 PM on October 9, 2006.

    C.    The parties will meet and confer regarding their objections, if any, to exhibits and will provide the Court with an updated list of agreed and disputed exhibits (noting any remaining objections) prior to the pre-trial conference.

VIII.  **DAMAGES**

Plaintiff seeks a permanent injunction that would enjoin Defendants from infringing claims 1, 3 and 5 of the '031 patent and from manufacturing, using, marketing, selling, distributing, or importing Spezyme® Ethyl in the United States and/or inducing others to do the same. Plaintiff also seeks lost profits damages for the diverted profits from the sales of Liquozyme Products that Plaintiff lost to Defendants' Spezyme® Ethyl in the U.S. Ethanol Market from March 15, 2005 through the date that the Court may grant a permanent injunction. Plaintiff also seeks price erosion damages on the sales of Liquozyme Products that Plaintiff made to the U.S. Ethanol Market from March 15, 2005 through the date that the Court may grant a

**REDACTED – PUBLIC VERSION**

permanent injunction. Plaintiff also seeks a reasonable royalty for (i) the sale of Spezyme® Ethyl in the United States outside of the U.S. Ethanol Market, (ii) the manufacture of Spezyme® Ethyl in the United States for sale outside of the United States, and (iii) as an alternative measure of damages if the Court does not award lost profits for any portion of the profits lost by Plaintiff based on the sale of Spezyme® Ethyl from March 15, 2005 through the date that the Court may grant a permanent injunction. Plaintiff also seeks trebled damages for Defendants' willful infringement of the '031 Patent, along with its reasonable attorney fees, and prejudgment interest.

      Defendants argue that a permanent injunction is not appropriate in this case because Defendants' actions have not caused Plaintiff irreparable harm, monetary damages (if even appropriate) will adequately compensate Plaintiff, the balance of the hardships favors Defendants, and the public interest will be disserved by a permanent injunction. Defendants further argue that lost profit damages, price erosion damages, and prejudgment interest are not appropriate in this case because Plaintiff is unable to establish that it directly lost profits as a result of Defendants' sales of Spezyme® Ethyl. Additionally, Defendants argue that Plaintiff is not entitled to a reasonable royalty amount (of any kind), because it has failed to produce adequate information or documentation to support a reasonable royalty determination by the Court. Alternatively, Defendants argue that Plaintiff's reasonable royalty figure is too high, and that the Court should rely on the alternative calculation offered by Defendant's expert. Defendants also argue that the infringement of the '031 Patent was not willful, and that as a result, any enhancement of damages should be denied or minimal. Finally, Defendants argue that this was not an exceptional case; therefore an award of attorneys fees is not appropriate.

# REDACTED – PUBLIC VERSION

Plaintiff's claim for damages is set forth in detail in <u>Exhibit A</u>. Novozymes will update these figures as required and as the defendants produce the information required.

The Defendants' position on damages is set forth in detail in <u>Exhibit B</u>.

## IX.   <u>BIFURCATED TRIAL</u>

This trial in this action was bifurcated. The trial on liability issues was held on March 6 - 9, 2006. A second trial on the issues of damages, injunctive relief, and willful infringement is the subject of this proposed pretrial order, and is scheduled for October 10 - 12, 2006.

## X.   <u>TRIAL BRIEFS</u>

During the pretrial conference on September 18, 2006, the parties withdrew or the Court denied each and every one of the seven motions in *limine* sought by the parties.

## XI.   <u>LIMITATIONS, RESERVATIONS AND OTHER MATTERS</u>

A.   Length of Trial: The court has already scheduled the damages phase of this trial for a three day bench trial beginning at 9:00 a.m. on October 10, 2006 and continuing through October 12, 2006. Each side has been allotted a total of nine hours to present their case.

Mark appropriate box:       Jury _____       Non-jury __X__

B.   The parties have stipulated that defendant EDC need not personally appear at the damages trial. Consistent with previous hearings of this case, EDC is represented by counsel at trial, and is bound by the result of both trials. Defendants respectfully request that the Court excuse EDC from personally appearing at the damages trial of this case.

**REDACTED – PUBLIC VERSION**

     C.    Post-trial Briefing Schedule: The parties jointly propose the following post-trial briefing schedule (assuming the trial stays on the current schedule): Each party's proposed findings of fact and conclusions of law and opening post-trial briefs are due on November 17, 2006; opposition briefs are due on December 1, 2006; and rebuttal briefs are due on December 8, 2006.

     D.    On September 1, 2006, Plaintiff filed a motion requesting the entry of a permanent injunctive relief in advance of the damages trial (D.I. ## 169-73, 183-84). On, September 18, 2006, Defendants filed their opposition (D.I. ## 179-81, 186-87). On September 25, 2006, Plaintiff filed its reply (D.I. ## 188-89). The motion is fully briefed and pending before the Court.

## XII. CERTIFICATE OF ATTEMPTED RESOLUTION OF CONTROVERSY

The parties certify that individuals from each side with authority to resolve this action through settlement have communicated in a good faith effort to achieve such a settlement. No agreement has been reached.

# REDACTED – PUBLIC VERSION

IT IS ORDERED that this Final Pretrial Order may be modified at the trial of the action, or prior thereto, to prevent manifest injustice or for good cause shown. Such modification may be made either on application of counsel for the parties or on motion of the Court.

Respectfully submitted,

Dated:    October 6, 2006

OF COUNSEL:

Robert C. Sullivan, Jr.
Steve E. Lipman
George E. Hykal
DARBY & DARBY PC
805 Third Avenue
New York, New York 10022
(212) 527-7700

David K. Tellekson
DARBY & DARBY PC
1191 Second Avenue
Seattle, Washington 98101
(206) 262-8900

/s/ *Andrew A. Lundgren*
Josy W. Ingersoll (No. 1088)
Rolin P. Bissell (No. 4478)
Karen E. Keller (No. 4489)
Andrew A. Lundgren (No. 4429)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600
alundgren@ycst.com

*Attorneys for Plaintiff Novozymes A/S*

OF COUNSEL:

Kenneth R. Adamo
JONES DAY
901 Lakeside Avenue
Cleveland, Ohio 44114-1190
(216) 586-3939

Thomas E. Friebel
Margaret B. Brivanlou
JONES DAY
222 East 41st Street
New York, New York 10017
(212) 326-3939

Tharan Gregory Lanier
Jane L. Froyd
JONES DAY
2882 Sand Hill Road -- Suite 240
Menlo Park, California 94025
(650) 739-3939

/s/ *Donald E. Reid*
Donald E. Reid (No. 1058)
MORRIS, NICHOLS, ARSHT & TUNNEL
1201 North Market Street, 18th Floor
Wilmington, DE 19899-1347
(302) 575-7219
dreid@mnat.com

*Attorneys for Defendants*
*Genencor International, Inc. and*
*Enzyme Development Corporation*

**REDACTED – PUBLIC VERSION**

SO ORDERED this ___ day

of _____, 2006

_____
United States District Judge