## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

NOVOZYMES A/S,

        Plaintiff,

    v.

GENENCOR INTERNATIONAL, INC. and
ENZYME DEVELOPMENT CORPORATION,

        Defendants.

C.A. No. 05-160-KAJ

### MOTION IN LIMINE TO PRECLUDE TESTIMONY OF
### HENRIK MEYER AND BENNY LOFT

OF COUNSEL:

JONES DAY

Kenneth R. Adamo
Tharan Gregory Lanier
Jane L. Froyd
2882 Sand Hill Road, Suite 240
Menlo Park, CA 94025
Telephone:    650.739.3939
Facsimile:    650.739.3900

Thomas E. Friebel
Margaret B. Brivanlou
222 East 41st Street
New York, NY 10017-6702
Telephone:    212.326.3939
Facsimile:    212.755.7306

October 10, 2006

MORRIS, NICHOLS, ARSHT & TUNNELL
Donald E. Reid (#1058)
Jason A. Cincilla (#4232)
1201 North Market Street, 18th Floor
Wilmington, DE 19899-1347
Telephone:    302.658.9200
Facsimile:    302.658.3989

    Attorneys for Defendants
    Genencor International, Inc. and
    Enzyme Development Corporation

MPI-40245v1

## I.     INTRODUCTION AND SUMMARY OF ARGUMENT

Novozymes A/S ("NZAS") intends to present testimony from two new trial witnesses,

Benny Loft and Henrik Meyer, disclosed shortly before trial in disregard of this Court's

scheduling orders and Fed. R. Civ. Pro. 26(a)(3). They should be precluded from testifying.

## II.     STATEMENT OF FACTS

In compliance with the Court's June 30, 2006 Scheduling Order, the parties exchanged

Pretrial Statements on August 28, 2006. (*See* June 30, 2006 Stipulated Scheduling Order for

Conduct of Damages Phase, Exh. 1.) When the Court initially scheduled the damages pretrial

filing, it had specifically noted that the "pretrial order satisfies the pretrial disclosure requirement

of Federal Rules of Civil Procedure 26(a)(3)." (October 28, 2005 First Amended Scheduling

Order, Exh. 2.)

However, on September 20, 2006, almost a month later, after the pretrial conference and

only 20 days before trial, NZAS identified a new trial witness, Benny Loft. (September 20, 2006,

4:50 PM email from G. Hykal to J. Froyd, Exh. 3.) The next day, NZAS identified a second new

trial witness, Henrik Meyer. (September 21, 1:14 PM email from G. Hykal to J. Froyd, Exh. 4.)

Neither of these witnesses had previously been identified in discovery or designated in response

to deposition notices under FRCP 30(b)(6). They are employees of NZAS and have been since

the inception of the case.

## III.     ARGUMENT

The Federal Rules of Civil Procedure require parties to make pre-trial disclosures of

information including "the name and, if not previously provided, the address and telephone

number of each witness" to be called at trial. Fed. R. Civ. Pro. 26(a)(3).

NZAS has offered no good cause for its delay in disclosing Loft and Meyer, but only

points to the Court's decision at the September 19, 2005 Pretrial Conference to grant additional

discovery on the issue of NZNA's lack of standing to join this lawsuit. Specifically, the Court held that "I'm going to take [Defendants] at [their] word that there is discovery that [they] think[] [they] ought to be able to take in light of the plaintiff's position, which I think fairly could be viewed as showing up late in the case. And I'll permit extra discovery and I'll permit it at the plaintiff's expense." (Sept. 19, 2006 Hr. Tr. at 23:2-7, D.I. 182.)

However, NZAS' newly identified witnesses were not identified as the result of Defendants' additional discovery. Further, NZNA had already brought its motion to add NZNA[1] as a party before the original witness list was due. When NZNA faced its deadline to file its Pretrial Statement, it knew of its own motion and had the obligation to identify all trial witnesses. *See* Fed. R. Civ. Pro. 26(a)(3). These employee witnesses should have been disclosed then.

This untimely disclosure of testifying witnesses is prejudicial to Defendants because Defendants had had no notice of these witnesses' involvement in the case, or even their existence, prior to their belated identification as trial witnesses. They were not mentioned in Novozymes' Interrogatory Responses and were not designated by Novozymes as 30(b)(6) witnesses for any topics (even thought these two witnesses are duplicative of 30(b)(6) designated witnesses Faller and Olofson). Further, even after identification of these witnesses, Defendants have found no evidence that either of them was mentioned in any documents produced by NZAS in this matter.

In short, Defendants learned these witnesses existed for the first time 20 and 19 days before trial. Defendants cannot help but be prejudiced in their litigation strategy and trial preparation if NZAS will be permitted to flaunt this Court's scheduling orders at every phase of this litigation, up to and including the eve of trial.

---

[1] This motion was itself brought as a motion to modify a scheduling order because Novozymes had missed a scheduling order deadline.

IV.   <u>**CONCLUSION**</u>

For the foregoing reasons, Defendants respectfully request that the Court exclude the testimony of witnesses Meyer and Loft.

## CERTIFICATE OF SERVICE

I, Donald E. Reid, hereby certify that on the 10th day of October, 2006, a Motion

*In Limine*    To Preclude Testimony Of Henrik Meyer And Benny Loft was served by hand

delivery upon counsel of record:

> Andrew A. Lundgren, Esquire (alundgren@ycst.com)
> Young Conaway Stargatt & Taylor LLP
> 1000 West Street
> Wilmington, DE  19801
>
> Samuel S. Woodley, Esquire (swoodley@darbylaw.com)
> Robert C. Sullivan, Jr., Esquire (rsullivan@darbylaw.com)
> Darby & Darby P.C.
> 805 Third Avenue, 27th Floor
> New York, NY 10022
>
> David K. Tellekson, Esquire (dtellekson@darbylaw.com)
> Darby & Darby P.C.
> 1191 Second Avenue
> Seattle, WA 98101
>
> George Hykal, Esquire (ghykal@darbylaw.com)
> Darby & Darby P.C.
> 803 3rd Avenue
> New York, NY 10022

_____

Donald E. Reid (#1058)