# Morris, Nichols, Arsht & Tunnell llp

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

Donald E. Reid
302 351 9219
302 425 3001 Fax
dreid@mnat.com

January 12, 2007

**BY HAND**

The Honorable Kent A. Jordan
United States Court of Appeals
for the Third Circuit
844 King Street
Wilmington, DE  19801

    Re: *Novozymes A/S v. Genencor International, Inc.*
      *and Enzyme Development Corp.*
      C.A. No. 05-160 (KAJ)

Dear Judge Jordan:

    We write pursuant to Local Rule 7.1.2(c) to inform you of a new Federal Circuit decision, *Propat Int'l Corp. v. RPost, Inc.*, --- F.3d ---, 2007 WL 14688 (Fed. Cir. Jan. 4, 2007) (attached as Exhibit A), which is relevant to the issue of whether Plaintiff Novozymes A/S ("Novozymes") may join its licensee Novozymes North America, Inc. ("NZNA") as a party to this lawsuit.

    In *Propat*, the Federal Circuit (relying on precedent including *Kalman*) affirmed the lower court's holding that Propat did not have standing to sue because it was simply a bare (or nonexclusive) licensee to the patent at issue.  The court focused on an agreement between Propat and the patent owner, which gave Propat the responsibility to license the patent to third-parties, to enforce the licensing agreements, and to sue infringers in exchange for a defined percentage share of the royalty proceeds and of any judgment or settlement arising out of litigation.  The agreement forbade Propat from assigning its rights and obligations without the patent owner's consent, which could be freely withheld.  The Federal Circuit found that the rights transferred in this agreement did not give to Propat  "a true ownership interest in the patent, such as the right to transfer its interest" and therefore Propat was simply a bare licensee.

The Honorable Kent A. Jordan
January 12, 2007
Page 2

2007 WL 14688 at *7. Specifically, the fact that Propat was not allowed to assign its interests under the agreement without Authentix's consent indicated that Propat was simply a bare licensee. *See id.*

The *Propat* agreement is analogous to the Technology License Agreement between Novozymes and NZNA. Both are nonexclusive agreements that do not transfer an ownership interest in a patent, such as the right to transfer the patent interest or the right to exclude others from receiving an interest in the patent. Accordingly, *Propat* supports Defendants' argument that NZNA may not be joined as a co-plaintiff in this case.

We stand ready to discuss these issues with the Court.

Respectfully yours,

Donald E. Reid

DER/amr
Enclosure
cc:   Dr. Peter T. Dalleo, Clerk (w/enc.) (Via Electronic Filing)
      Karen E. Keller, Esquire (w/enc.) (Via Electronic Filing)