# YOUNG CONAWAY STARGATT & TAYLOR, LLP

THE BRANDYWINE BUILDING
1000 WEST STREET, 17TH FLOOR
WILMINGTON, DELAWARE 19801

P.O. BOX 391
WILMINGTON, DELAWARE 19899-0391

DIRECT DIAL: 302-571-6743
DIRECT FAX: 302-576-3517
alundgren@ycst.com

(302) 571-6600
(302) 571-1253 FAX
(800) 253-2234 (DE ONLY)
www.youngconaway.com

January 16, 2007

**BY HAND DELIVERY AND E-FILING**

The Honorable Kent A. Jordan
United States Court of Appeals for the Third Circuit
844 North King Street
Wilmington, Delaware 19801

      Re:    *Novozymes A/S v. Genencor Int'l Inc.*, C.A. No. 05-160-KAJ

Dear Judge Jordan:

      I write on behalf of Plaintiff Novozymes A/S in reply to Defendant Genencor's January 12, 2007, letter to the Court (D.I. 220) that called attention to the decision in *Propat Int'l. Corp. v. RPost, Inc.*, ___ F.3d ___, 2007 WL 14688 (Fed. Cir. Jan. 4, 2007). *Propat* should have no bearing on the Court's decision in the present case. It is distinguishable on two significant grounds and adds nothing to the jurisprudence necessary here.

      Unlike Novozymes A/S, the assignee of the patent in *Propat* was not a party to the action, and the relationship and interactions between the parties were extremely limited. The question addressed there was "whether a party [had] sufficient ownership interest in a patent to be entitled to sue for infringement." *Id.* at *1. Plaintiff Propat sued Defendant RPost for infringement of a patent assigned to an entirely different entity, Authentication Technologies Ltd. ("Authentix"). However, patent owner Authentix was not a party to the action.

      Propat was Authentix's licensee under the patent. The written license limited Propat's responsibility to sublicensing and to enforcing the licensed patent. The license did not state whether Propat was licensed to make, use, or sell the patented invention. No evidence was presented that the license extended to the latter activities, through course of conduct or otherwise. In fact, there was no evidence of any relationship between Propat and Authentix beyond the license itself. The parties there did not treat the license as exclusive, did not consolidate earnings, and did not act as a single entity in any manner. Therefore, the Propat court examined "ownership interest" in light of the evidence before it: the license agreement only.

      That is not the situation here. There is no "bare licensee" here, seeking remote or tangential damages. One term in an agreement, such as "exclusive" or "non-exclusive," cannot control the entire agreement or its practice, particularly when inferences from that term run counter to the agreement's overall plan and implementation. Indeed, *Propat* itself stands for this proposition. *See id.* at *6-7 (noting that "[t]his case does not fit neatly within either of those two

YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Honorable Kent A. Jordan
January 16, 2007
Page 2

categories [exclusive and 'bare' licensees]" and instead examining the substance of the license's terms). Here, Novozymes A/S is the assignee and owner of the infringed patent, and it is a party-plaintiff in this action. This action was brought by the patentee, which certainly has the necessary ownership interest, even if Propat, a borderline licensee, did not. Further, the circumstances and practices of Novozymes A/S and Novozymes North America with respect to the patent infringed by Genencor are very different from those in *Propat*. Unlike the ambiguous relationship in *Propat*, the unequivocal evidence here shows that a more than sufficient ownership interest rests with Novozymes North America. It can be joined as a plaintiff, although it is not necessary to do so, for all of the reasons given in Novozymes' post-trial briefs.

The issues pertinent to this Court's decision on damages and standing have been fully briefed. Novozymes A/S respectfully submits that the *Propat* ruling adds nothing and changes nothing.

Respectfully submitted,

Andrew A. Lundgren (No. 4429)

AAL:mkw

cc: Donald E. Reid, Esquire