# MORRIS, NICHOLS, ARSHT & TUNNELL LLP

1201 NORTH MARKET STREET
P.O. Box 1347
WILMINGTON, DELAWARE 19899-1347

302 658 9200
302 658 3989 FAX

DONALD E. REID
302 351 9219
302 425 3001 Fax
dreid@mnat.com

January 29, 2007

**BY E-FILING AND**
**HAND DELIVERY**

The Honorable Kent A. Jordan
United States Court of Appeals
 for the Third Circuit
844 North King Street
Wilmington, Delaware  19801

Re:   *Novozymes A/S v. Genencor International, Inc. et al.*
        U.S. District (D.Del.) C.A. No. 05-160 (KAJ)

Dear Judge Jordan:

We write pursuant to Local Rule 7.1.2(c) to inform the Court of a recent district court case *Travel Sentry, Inc. v. Tropp and Safe Skies, LLC,* No. 06-cv-118-JD, 2006 WL 3478997, *4 (D.N.H. Dec. 1, 2006) (attached as Exhibit A), which is relevant to the issue of whether Plaintiff Novozymes A/S ("Novozymes") may join its licensee Novozymes North America, Inc. ("NZNA") as a party to this lawsuit,.

In *Travel Sentry*, the plaintiff argued that because of the close relationship between the patentee and his "sole" (but nonexclusive) licensee, the licensee had standing. Relying on Federal Circuit precedent, the court held that the licensee did not have standing. 2006 WL 3478997 at *4.  The court specifically stated that "[t]he Federal Circuit has made plain that an exclusive license is necessary to confer standing for infringement, negating Travel Sentry's 'sole licensee' and joinder theories." *Id.* citing *Sicom Sys., Ltd. v. Agilent Techs., Inc.,* 427 F.3d 971, 976 (Fed. Cir. 2005).

We stand ready to discuss this case and these issues with the Court tomorrow morning.

Respectfully yours,

*/s/ Donald E. Reid/*

Donald E. Reid (#1058)

DER/amr
Enclosure
cc:   Dr. Peter T. Dalleo, Clerk, U.S. District Court
       Andrew A. Lundgren, Esquire

Westlaw.

Slip Copy
Slip Copy, 2006 WL 3478997 (D.N.H.), 2006 DNH 135
**(Cite as: Slip Copy)**

Page 1

Briefs and Other Related Documents
Travel Sentry, Inc. v. TroppD.N.H.,2006.
NOT FOR PUBLICATION
United States District Court,D. New Hampshire.
TRAVEL SENTRY, INC.
v.
David TROPP and SAFE SKIES, LLC.
**Civil No. 06-cv-118-JD.**
**Opinion No. 2006 DNH 135.**

Dec. 1, 2006.

Heidsha Sheldon, William L. Prickett, Seyfarth Shaw LLP, Boston, MA, Peter G. Callaghan, Preti Flaherty Beliveau Pachios PLLP, Concord, NH, for Travel Sentry, Inc.
Gianni P. Servodidio, Joseph Diamante, Kenneth L. Stein, Richard H. An, Jenner & Block, New York, NY, Christopher Cole, Sheehan Phinney Bass & Green, Manchester, NH, for David Tropp, Safe Skies, LLC.

ORDER
JOSEPH A. DiCLERICO, JR., District Judge.
*1 Travel Sentry, Inc., filed a declaratory judgment action seeking declarations of invalidity and non-infringement of United States Patents Nos. 7,021,537 (" 537 Patent") and 7,036,728 (" 728 Patent"). The defendants are David Tropp, who is the inventor of the 537 and the 728 Patents, and his company, Safe Skies, LLC. Tropp and Safe Skies move to dismiss the action for lack of personal jurisdiction and improper venue, and Safe Skies moves to dismiss for lack of subject matter jurisdiction. Alternatively, the defendants move for a transfer of venue. Travel Sentry opposes the defendants' motions.

David Tropp is the owner and founder of Safe Skies, LLC. He is also the patentee of the 537 and the 728 Patents. Tropp developed a product known as the "Liberty Lock" for luggage. The Liberty Lock allows an owner to lock and open luggage while also providing access for baggage screeners employed by the Transportation Security Administration ("TSA") through universal master keys. Safe Skies and the TSA have a memorandum of understanding concerning the use of Liberty Locks. Safe Skies sells its products in the United States through a wholesale distributor, Travelpro International, Inc.

Travel Sentry developed similar "dual lock" technology for luggage. Joel Blumenthal is the president of Travel Sentry. "Travel Sentry's business includes the licensing of its travel lock technology for luggage which uses a dual lock system that allows access only by the luggage owner and by TSA baggage screeners through a set of standard, proprietary keys developed by Travel Sentry for TSA use." Compl. ¶ 7.

In patent cases, district courts must apply Federal Circuit law to all issues that pertain to patent law, meaning that "it bears an essential relationship to matters committed to [the Federal Circuit's] exclusive control by statute, or [ ] it clearly implicates the jurisprudential responsibilities of this court in a field within its exclusive jurisdiction." 02 Micro Int'l Ltd. v. Monolithic Power Sys., Inc., --- F.3d ----, 2006 WL 3300458 at *6 (Fed.Cir. Nov. 15, 2006). An issue of subject matter jurisdiction in a declaratory judgment action is decided under Federal Circuit precedent. See, e.g., Sierra Applied Scis., Inc. v. Advanced Energy Indus., 363 F.3d 1361, 1367 (Fed.Cir.2004); Gen-Probe Inc. v. Vysis, Inc., 359 F.3d 1376, 1380 (Fed.Cir.2004). Personal jurisdiction is also an issue pertaining to patent law that is governed by the law of the Federal Circuit. Pennington Seed, Inc. v. Produce Exch. No. 299, 457 F.3d 1334, 1338 (Fed.Cir.2006). The parties agree that the law of the regional circuit, the First Circuit, governs the venue issue. See Braley v. Sportec Prods. co., 2002 WL 1676293 at *5 (D.N.H. July 16, 2002).

I. *Motion to Dismiss for Lack of Subject Matter Jurisdiction*

Safe Skies, LLC, moves to dismiss Travel Sentry's declaratory judgment action against it for lack of subject matter jurisdiction. In support of the motion, Safe Skies asserts it lacks standing to sue for patent infringement, and, therefore, jurisdiction is lacking for Travel Sentry's claims against it. Travel Sentry challenges Safe Skies' assertion that it lacks standing and opposes the motion.

A. *Timeliness*

*2 As an initial matter, Travel Sentry objects that Safe Skies's motion is untimely because it was filed after

the deadline for filing motions to dismiss. It is well-established, however, "that the absence of subject matter jurisdiction can be raised at any point in the proceedings." Bennett v. City of Holyoke, 362 F.3d 1, 7 (1st Cir.2004) (citing Kontrick v. Ryan, 540 U.S. 443, 445 (2004)); Fanning, Phillips, & Molnar v. West, 160 F.3d 717, 720 (Fed.Cir.1998). Therefore Safe Skies's motion to dismiss for lack of subject matter jurisdiction is not untimely.

B. *Subject Matter Jurisdiction*

Federal Rule of Civil Procedure 12(b)(1) governs a motion to dismiss for lack of subject matter jurisdiction. "If the Rule 12(b)(1) motion denies or controverts the pleader's allegations of jurisdiction, [ ] the movant is deemed to be challenging the factual basis for the court's subject matter jurisdiction." Cedars-Sinai Med. Ctr. v. Watkins, 11 F.3d 1573, 1583 (Fed.Cir.1993). In considering such a motion, "only uncontroverted factual allegations are accepted as true for purposes of the motion ... [and][a]ll other facts underlying the controverted jurisdictional allegations are in dispute and are subject to factfinding by the district court." *Id.* Therefore, the court may consider extrinsic evidence including affidavits and deposition testimony. *Id.*

The declaratory judgment statute, 28 U.S.C. § 2201, requires that an "actual controversy" exist as a jurisdictional basis for the action. See Microchip Tech. Inc. v. Chamberlain Group, Inc., 441 F.3d 936, 942 (Fed.Cir.2006). A plaintiff seeking a declaratory judgment of patent non-infringement and invalidity must have a reasonable apprehension of suit for infringement by the defendant to satisfy the "actual controversy" requirement. MedImmune, Inc. v. Genentech, Inc., 427 F.3d 958, 968-70 (Fed.Cir.2005); cert. granted, 126 S.Ct. 1329 (U.S.2006). "A party seeking a declaratory judgment bears the burden of establishing the existence of an actual controversy." Fort James Corp. v. Solo Cup Co., 412 F.3d 1340, 1352 (Fed.Cir.2005); cert. denied, 126 S.Ct. 1768 (U.S.2006).

The Patent Act of 1952 provides a remedy to a patentee, which includes all successors in title to the patentee, by civil action for infringement. Ortho Pharm. Corp. v. Genetics Inst., Inc., 52 F.3d 1026, 1030 (Fed.Cir.1995) (citing 35 U.S.C. §§ 281 & 100(d)). Only the patentee and successors in title to the patentee have standing to sue for infringement. See, e.g., Bicon, Inc. v. Straumann Co., 441 F.3d 945, 955 (Fed.Cir.2006); Aspex Eyewear, Inc. v. Miracle Optics, Inc., 434 F.3d 1336, 1339-40 (Fed.Cir.2006). Successors in title who may sue for infringement are limited to those with ownership rights to the patent such as assignees and exclusive licensees of the patent at issue. See, e.g., Ortho, 52 F.3d at 1031. When a defendant is neither the patentee nor a successor in interest and, therefore, cannot sue for infringement, no reasonable apprehension of suit exists as to that defendant. Fina Research, S.A. v. Baroid Ltd., 141 F.3d 1479, 1480-81 (Fed.Cir.1998); Orion Elec., Ltd. v. Funai Elec. Co., Ltd., 2002 WL 377541 at *8 (S.D.N.Y. March 11, 2002).

*3 In support of the motion to dismiss, Safe Skies submits the declaration of its owner and president, David Tropp, who states, under penalty of perjury, that he is "the inventor and owner of United States Patent Nos. 7,021,537 and 7,036,728 ('the patents-in-suit')." Tropp further states that he has "not assigned or granted any exclusive licenses on those patents." Tropp submitted a second declaration in support of Safe Skies's reply in which he repeats that he is the inventor and owner of the 537 and the 728 Patents. He adds that he has prosecuted those patents and has paid all of the expenses associated with the prosecution and maintenance of the patents in his individual capacity, distinct from his capacity as president of Safe Skies.

In response, Travel Sentry characterizes Tropp's statements as a "bald representation" about the ownership of the patents-in-suit and argues that further inquiry is required in light of Safe Skies's advertisements that it is the patent holder. Travel Sentry cites the following parts of Safe Skies's website to show that it advertises it owns the 537 and the 728 Patents, contrary to Tropp's statements: (1) "The valuable technology behind the TSA Lock is proprietary to Safe Skies TSA Locks," and (2) "Liberty Lock is a Registered Trademark of Safe Skies LLC, protected by Patents 7,021,537 and 7,036,728 with other Worldwide Patents Pending ." Travel Sentry also cites a page on the website that displays the cover page of the 537 Patent with the Safe Skies's logo replacing the inventor's name. That page is accessed through a link labeled "TSA Luggage Lock Patent."

Further, Travel Sentry points out that Tropp himself instructed his marketing firm to use the statement " 'Safe Skies TSA Luggage Locks *is the patent holder* for the TSA Luggage Lock.' " Opp. at 3. Safe Skies acknowledges that language but notes that the advertising says that Safe Skies's Locks, rather than Safe Skies, LLC, is the patent holder. Safe Skies also

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

insists that the cited statement is inaccurate because Tropp is the patent holder. The misstatement and any confusion it might cause, Safe Skies contends, do not show that it owns the patents or holds an exclusive license.

When the cited language is read carefully in context, Safe Skies does not claim ownership of the patents in its advertising. Instead, the advertising conveys the message that the technology of the luggage lock sold by Safe Skies is protected by patents. The advertising does not attempt to describe the legal status of the patentee and any successor in title. Therefore, the cited advertising does not provide a reasonable basis to doubt the veracity or accuracy of Tropp's declaration that he is the patentee and has not assigned or licensed the patents to Safe Skies, making additional inquiry inappropriate. [FN1] Cf. Orion Elec. Co. v. Funai Elec. Co., 2001 WL 1506009 at *3 (S.D.N.Y. Nov. 26, 2001) (allowing further inquiry into license given to defendant despite affidavit describing license as non-exclusive).

>   FN1. Safe Skies also accused Travel Sentry of failing to seek discovery about an assignment or an exclusive license because it knew that "such discovery would prove fruitless." Reply at 1. Travel Sentry moved for leave to file a surreply to counter that accusation, which is granted. In its surreply, Travel Sentry quoted its request for production seeking all documents pertaining to ownership and rights to use the patents in suit. Travel Sentry asserts that "Safe Skies and Tropp have dragged their feet, made groundless motions to dismiss and for a protective order, and are whining about Travel Sentry's corrections of Defendants' misstatements through additional briefing on Defendants' motions." Surreply at 2. Despite that harsh language, which does nothing to advance a resolution of the issues in this case, Travel Sentry has not made a persuasive argument that its discovery request would be likely to produce information that would contradict Tropp's declaration.

*4 Travel Sentry notes the close relationship between Tropp and his company and argues that Safe Skies might be permitted to sue as a "**sole licensee**." Travel Sentry also argues that because of that relationship, Safe Skies might join Tropp in a suit against Travel Sentry. The Federal Circuit has made plain that an exclusive license is necessary to confer standing to sue for infringement, negating Travel Sentry's "**sole licensee**" and joinder theories. See, e.g., Sicom Sys., Ltd. v. Agilent Techs., Inc., 427 F.3d 971, 976 (Fed.Cir.2005).

As is stated above, Travel Sentry bears the burden of showing that subject matter jurisdiction exists to maintain its declaratory judgment action against Safe Skies. In the absence of persuasive evidence to the contrary, Tropp's declarations establish that he is the patentee of the 537 Patent and the 728 Patent and that he has not assigned the patents or granted an exclusive license to Safe Skies. As a result, Safe Skies lacks standing to sue Travel Sentry, or anyone else, for infringement. Therefore, subject matter jurisdiction is lacking as to the declaratory judgment action against Safe Skies.

II. *Motion to Dismiss for Lack of Personal Jurisdiction*

Both Safe Skies and David Tropp moved to dismiss the action on the ground that personal jurisdiction is lacking as to each of them. Because the action against Safe Skies is dismissed for lack of subject matter jurisdiction, the issue of personal jurisdiction over Safe Skies is moot.[FN2] Therefore, the court considers the motion to dismiss only to determine whether personal jurisdiction exists as to Tropp.

>   FN2. To the extent Travel Sentry may have intended to argue that Safe Skies and Tropp are a single entity, despite Safe Skies's status as a limited liability corporation, that matter has not been sufficiently raised or developed to be considered.

Under the law of the Federal Circuit, personal jurisdiction over a defendant exists in a patent case if the forum state's long arm statute would authorize jurisdiction. Deprenyl Animal Health, Inc. v. Univ. of Toronto Innovations Found., 297 F.3d 1343, 1349-50 (Fed.Cir.2002). "The New Hampshire Supreme Court has interpreted the New Hampshire long-arm statute as affording jurisdiction over foreign defendants to the full extent that the statutory language and due process will allow." N. Laminate Sales, Inc. v. Davis, 403 F.3d 14, 24 (1st Cir.2005) (internal quotation marks omitted). The long-arm statute, New Hampshire Revised Statutes Annotated ("RSA") § 510:4(I), provides:
Any person who is not an inhabitant of this state and who, in person or through an agent, transacts any

business within this state, commits a tortious act within this state, or has the ownership, use, or possession of any real or personal property situated in this state submits himself, or his personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from or growing out of the acts enumerated above.

If those requirements are satisfied, the court then considers whether the exercise of jurisdiction would comport with due process, under the Fifth Amendment, measured by whether the defendant has had minimum contacts with the forum and whether the exercise of jurisdiction would "violate fair play and substantial justice." *N. Laminate,* 297 F.3d at 1350-51. When personal jurisdiction is challenged, the plaintiff bears the burden of showing that the requirements for personal jurisdiction are met. *N. Laminate Sales, Inc. v. Davis,* 403 F.3d 14, 21 (1st Cir.2005); *Pieczenik v. Dyax Corp.,* 265 F.3d 1329, 1334 (Fed.Cir.2001). If that burden is met, the defendant bears the burden of presenting "a 'compelling case' that the exercise of jurisdiction over it would offend principles of fair play and substantial justice." *Breckenridge Pharm., Inc. v. Metabolite Labs., Inc.,* 444 F.3d 1356, 1367 (Fed.Cir.2006).

*5 Neither Tropp nor Travel Sentry addressed the requirements of RSA 510:5(I).[FN3] Therefore, the court will consider whether the exercise of jurisdiction would comport with due process, which is the only issue the parties address.

   FN3. Instead, both parties mistakenly relied on a case from this district interpreting New Hampshire's long-arm statutes for foreign corporations without realizing that a different New Hampshire statute governs personal jurisdiction as to individuals. See *McClary v. Erie Engine & Mfg. Co.,* 856 F.Supp. 52, 55 (D.N.H.1994).

The minimum contacts necessary to support due process are evaluated under two different theories. "General jurisdiction arises when a defendant maintains continuous and systematic contacts with the forum state even when the cause of action has no relation to those contacts." *Trintec Indus., Inc. v. Pedre Promotional Prods., Inc.,* 395 F.3d 1275, 1279 (Fed.Cir.2005). Specific jurisdiction exists when the cause of action arises from or is related to the defendant's contacts with the forum state, even if those contacts were isolated or sporadic. *Id.*

Travel Sentry does not attempt to prove general jurisdiction. To show that specific jurisdiction exists, Travel Sentry must establish that Tropp purposefully directed his activities at New Hampshire residents and that its cause of action arises out of or relates to Tropp's contacts with New Hampshire. *Deprenyl,* 297 F.3d at 1351.

Tropp submitted an affidavit in which he states that he does not conduct business in New Hampshire, has never visited the state, owns no property here, has no financial accounts here, and does not have a registered agent, an address, or a telephone here. The only relevant action taken by Tropp, individually, appears to be that in November of 2003 he sent cease and desist letters to Travel Sentry in Washington, D.C., and Florida and to its customers, one of whom, Brookstone, was in New Hampshire. Sometime in 2004, Tropp also contacted Brookstone's CEO in New Hampshire to accuse Travel Sentry of misappropriating his idea for the double access lock. The other activities Travel Sentry cites were conducted by Safe Skies.

The Federal Circuit holds "that a patent owner may, without more, send cease and desist letters to a suspected infringer, or its customers, without being subjected to personal jurisdiction in the suspected infringer's home state." *Breckenridge,* 444 F.3d at 1362. Instead, personal jurisdiction must be founded on additional contacts or continuing obligations, such as a license agreement, along with the cease and desist letters. *Id.* at 1363-65 (discussing cases). Tropp denies any other contact with New Hampshire. Travel Sentry focuses on Safe Skies's contacts with New Hampshire, which, based on the record presented here, are not attributable to Tropp.

Therefore, Travel Sentry has not carried its burden of showing that Tropp had contacts with New Hampshire that would support exercising personal jurisdiction over him here. Because the claims against Tropp are dismissed for lack of personal jurisdiction, the court does not address the issue of venue.

*Conclusion*

For the foregoing reasons, the plaintiff's motion for leave to file a surreply (document no. 43) is granted. The defendants' motions to dismiss for lack of subject matter jurisdiction (document no. 33) and to dismiss for lack of personal jurisdiction (document no. 13) are also granted.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy
Slip Copy, 2006 WL 3478997 (D.N.H.), 2006 DNH 135
**(Cite as: Slip Copy)**

Page 5

*6 Therefore, the claims against Safe Skies are dismissed for lack of subject matter jurisdiction. The claims against David Tropp are dismissed for lack of personal jurisdiction. The clerk of court shall enter judgment accordingly and close the case.

SO ORDERED.

D.N.H.,2006.
Travel Sentry, Inc. v. Tropp
Slip Copy, 2006 WL 3478997 (D.N.H.), 2006 DNH 135

Briefs and Other Related Documents (Back to top)

• 2006 WL 2921154 (Trial Motion, Memorandum and Affidavit) Reply Memorandum in Support of David Tropp and Safe Skies, LLC's Motion to Dismiss or, in the Alternative, to Transfer (Jul. 7, 2006) Original Image of this Document (PDF)
• 1:06cv00118 (Docket) (Apr. 4, 2006)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.