Case 1:05-cv-00160-KAJ    Document 230    Filed 03/05/2007    Page 1 of 4



# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NOVOZYMES A/S, <br><br> Plaintiff <br><br> v. <br><br> GENENCOR INTERNATIONAL, INC., and ENZYME DEVELOPMENT CORPORATION <br><br> Defendants | C.A. No. 05-160-KAJ |

## JUDGMENT ORDER

WHEREAS, trial in this action was bifurcated by this Court's October 28, 2005 First Amended Scheduling Order;

AND WHEREAS, this Court held a bench trial in March 2006 on the issues of infringement, validity, and enforceability of plaintiff Novozymes A/S' ("Novozymes") United States Patent No. 6,867,031 (the "'031 Patent"") as asserted against Defendants Genencor International, Inc. and Enzyme Development Corporation (collectively, "Genencor");

AND WHEREAS, this Court issued Findings of Facts and Conclusions of Law on August 24, 2006, in which the Court held that (i) Genencor's SPEZYME® Ethyl product infringes claims 1, 3, and 5 of the '031 Patent; (ii) those claims are not invalid as obvious or lacking enablement; and (iii) the '031 patent is not unenforceable due to inequitable conduct or prosecution laches;

AND WHEREAS, this court held a bench trial in October 2006 on the issues of damages, injunctive relief, willful infringement, the award of attorneys' fees, and the standing of Novozymes of North America, Inc. ("Novozymes NA");

AND WHEREAS, this Court issued Findings of Facts and Conclusions of Law on February 16, 2007, in which the Court held that (i) Genencor willfully infringed claims 1, 3, and 5 of the '031 Patent; (ii) Novozymes NA lacked standing to join this action as a co-plaintiff and Novozymes is not entitled to recover the alleged lost profits of Novozymes NA; (iii) Novozymes is entitled to damages in the form of reasonable royalties totaling $4,088,584; (iv) Novozymes is entitled to prejudgment interest; (v) Novozymes is entitled to enhanced damages in the form of an award of double damages because of Genencor's willful infringement; (vi) Novozymes is entitled to an award of reasonable attorney fees and costs because this was an exceptional case; and (vii) Genencor should be permanently enjoined from further infringement of the '031 Patent.

NOW THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED that:

1. Claims 1, 3, and 5 of the '031 Patent are not invalid for obviousness or lack of enablement.

2. The '031 Patent is not unenforceable due to inequitable conduct or prosecution laches.

3. Genencor has literally infringed Claims 1, 3, and 5 of the '031 Patent under 35 U.S.C. § 271(a) by its manufacture, use, offer for sale, and sale of the SPEZYME® Ethyl product.

4. Genencor willfully infringed Claims 1, 3, and 5 of the '031 Patent under 35 U.S.C. § 284 entitling Novozymes to enhanced damages in the form of an amount double the actual damages awarded.

5. This is an exceptional case under 35 U.S.C. § 285.

6. Genencor shall pay Novozymes the following amounts:

   a. $4,032,497, representing a reasonable royalty of twenty percent (20%) for the $20,162,484 of infringing sales in the fuel ethanol market;

Case 1:05-cv-00160-KAJ    Document 230    Filed 03/05/2007    Page 3 of 4

    b.    $56,087, representing a reasonable royalty of eight percent (8%) for the $701,088 of infringing sales in all markets outside the fuel ethanol market;

    c.    $366,461, representing prejudgment interest, calculated at the average Federal Reserve System Bank Prime Loan Rate for the beginning on March 15, 2005 and ending on March 5, 2007, plus an additional $1,007 in interest for each day between March 5, 2007 and the date of this Order.

    d.    $4,088,584 in enhanced damages, representing a doubling of the sum of the amounts set forth in 6a and 6b;

    e.    Novozymes' reasonable attorneys fees and costs to be determined either by stipulation upon the agreement of the parties, or if the parties cannot agree, then by the Court upon the submission of a fees and costs application by Novozymes and a response thereto by Genencor. If by March 12, 2007 the parties cannot stipulate to the amount of reasonable attorneys fees and costs to be awarded to Novozymes, then Novozymes shall serve and file its application for attorneys fees and its bill of costs by March 19, 2007, Genencor shall respond thereto by April 2, 2007, and Novozymes shall reply by April 10, 2007.

    f.    In sum, Genencor shall pay Novozymes $8,543,629 in damages, plus an additional $1,007 in prejudgment interest for each day between March 5, 2007 and the date of this Order, plus Novozymes' reasonable attorneys fees and costs.

7.    Genencor International, Inc. and Enzyme Development Corporation are jointly and severally liable for payment to Novozymes of the damages specified in this Order.

8.    Genencor International, Inc. and Enzyme Development Corporation and their successors-in-interest, officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are hereby enjoined from making, using, offering to sell or selling within the United States, or importing into the United States SPEZYME® Ethyl products and any other products that are not colorably different therefrom, until such time as the '031 Patent expires, including any extensions and regulatory exclusivities that are granted and not successfully challenged.

9. Novozymes' motion to join Novozymes NA as a co-plaintiff is denied with prejudice.

10. Novozymes is not entitled to recover the alleged lost profits of Novozymes NA.

DATE: 3/8/07

_____
UNITED STATES DISTRICT JUDGE