IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------X
NOVOZYMES A/S,

        *Plaintiff,*

v.                                              C.A. No. 05-160-KAJ

GENENCOR INTERNATIONAL, INC., and
ENZYME DEVELOPMENT CORPORATION
        *Defendant.*
---------------------------------------------------X

## CONSENT JUDGMENT

WHEREAS, trial in this action was bifurcated by this Court's October 28, 2005 First Amended Scheduling Order; and

WHEREAS, this Court held a bench trial in March 2006 on the issues of infringement, validity, and enforceability of plaintiff Novozymes A/S' ("Novozymes") United States Patent No. 6,867,031 (the "'031 Patent") as asserted against Defendants Genencor International, Inc. and Enzyme Development Corporation (collectively, "Genencor"); and

WHEREAS, this Court issued Findings of Facts and Conclusions of Law on August 24, 2006, in which the Court held that (i) Genencor's SPEZYME® Ethyl product infringes claims 1, 3, and 5 of the '031 Patent; (ii) those claims are not invalid as obvious or lacking enablement; and (iii) the '031 patent is not unenforceable due to inequitable conduct or prosecution laches; and

WHEREAS, this court held a bench trial in October 2006 on the issues of damages, injunctive relief, willful infringement, the award of attorneys' fees, and the standing of Novozymes of North America, Inc. ("Novozymes NA"); and

WHEREAS, this Court issued Findings of Facts and Conclusions of Law on February 16, 2007, in which the Court held that (i) Genencor willfully infringed claims 1, 3, and 5 of the '031 Patent; (ii) Novozymes NA lacked standing to join this action as a co-plaintiff and Novozymes is not entitled to recover the alleged lost profits of Novozymes NA; (iii) Novozymes is entitled to damages in the form of reasonable royalties totaling $4,088,584; (iv) Novozymes is entitled to prejudgment interest; (v) Novozymes is entitled to enhanced damages in the form of an award of double damages because of Genencor's willful infringement; (vi) Novozymes is entitled to an award of reasonable attorney fees and costs because this was an exceptional case; and (vii) Genencor should be permanently enjoined from further infringement of the '031 P atent.

NOW THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED that:

1. Claims 1, 3, and 5 of the '031 Patent are not invalid for obviousness or lack of enablement.

2. The '031 Patent is not unenforceable due to inequitable conduct or prosecution laches.

3. Genencor has literally infringed Claims 1, 3, and 5 of the '031 Patent under 35 U.S.C. § 271(a) by its manufacture, use, offer for sale, and sale of the SPEZYME® Ethyl product.

4. Genencor willfully infringed Claims 1, 3, and 5 of the '031 Patent under 35 U.S.C. § 284 entitling Novozymes to enhanced damages in the form of an amount double the actual damages awarded.

5. This is an exceptional case under 35 U.S.C. § 285.

6. Genencor shall pay Novozymes $15,300,000 in damages, prejudgment interest and Novozymes' reasonable attorneys' fees and costs.

7. Genencor International, Inc. and Enzyme Development Corporation are jointly and severally liable for payment to Novozymes of the damages specified in this Consent Judgment.

8. Genencor International, Inc. and Enzyme Development Corporation and their successors-in-interest, officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of this Consent Judgment by personal service or otherwise, are hereby enjoined from making, using, offering to sell or selling within the United States, or importing into the United States SPEZYME® Ethyl products and any other products that are not colorably different therefrom, until such time as the '031 Patent expires, including any extensions and regulatory exclusivities that are granted and not successfully challenged.

9. Novozymes' motion to join Novozymes NA as a co-plaintiff is denied with prejudice.

10. Novozymes is not entitled to recover the alleged lost profits of Novozymes NA.

11. This Consent Judgment shall finally conclude and dispose of this litigation, and finally concludes and disposes of all the claims and counterclaims of each party with prejudice and on the merits.

12. This Court retains ongoing, exclusive jurisdiction of this action for purposes of interpreting or enforcing this Consent Judgment.

13. No party to this Consent Judgment may appeal the Consent Judgment. Instead, all parties knowingly, intentionally, willingly, and explicitly waive their right to appeal this Consent Judgment and/or any other judgment or order of the Court in this Action.

14. This Consent Judgment shall constitute the Court's final judgment in this Action, and the Clerk is directed to enter this Consent Judgment forthwith, without further notice to the parties.

IT IS SO ORDERED

DATE: April 17, 2007       _____
                           UNITED STATES DISTRICT JUDGE

-4-

YOUNG, CONAWAY, STARGATT & TAYLOR LLP

_____
Andrew A. Lundgren (#4429) [alundgren@ycst.com]
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 1;9801
(302) 571-6600
 *Attorneys for Plaintiff*
 *Novozymes A/S*


MORRIS, NICHOLS, ARSHT & TUNNELL LLP

_____
Donald E. Reid (#1058) [dreid@mnat.com]
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 351-9219
 *Attorneys for Defendants*
 *Genencor International, Inc. and*
 *Enzyme Development Corporation*

-5-

GENENCOR INTERNATIONAL, INC.

| By | Tom Knutzen | By | Søren Bjerre-Nielsen |
|---|---|---|---|
| Its | Chairman of the Board | Its | Board Member |
| Dated | | Dated | |

NOVOZYMES A/S

ENZYME DEVELOPMENT CORPORATION

| By | Steen Riisgaard | | |
|---|---|---|---|
| Its | President and CEO | By | |
| Dated | 10/04/07 | Its | |
| | | Dated | |

-6-

GENENCOR INTERNATIONAL, INC.

By  Tom Knutzen

Its  Chairman of the Board

Dated  6-4-2007

By  Søren Bjerre-Nielsen

Its  Board Member

Dated  10.04.07.

NOVOZYMES A/S

By  Steen Riisgaard

Its  President and CEO

Dated

ENZYME DEVELOPMENT CORPORATION

By  Phillip B. Nelson

Its  President

Dated  April 10, 2007